Arthur TORRES, Appellant,

v.

WESTERN CASUALTY AND SURETY COMPANY, Appellee.

No. 11694.

Court of Civil Appeals of Texas.

Austin.

Dec. 3, 1969.

Appellant's Motion for Rehearing and Appellant's Amended Motion for Rehearing Denied Jan. 14, 1970.

Charles B. Everett, Houston, Wallace Shropshire, Austin, for appellant.

Brown, Erwin, Maroney & Barber, Will G. Barber, Austin, for appellee.

PHILLIPS, Chief Justice.

This appeal arises from a workmen's compensation suit in which the trial court granted defendant's (appellee) motion for summary judgment based on plaintiff's (appellant) failure to file a timely claim with the Industrial Accident Board. From that summary judgment the plaintiff-appellant has perfected his appeal to this Court.

We affirm.

## I.

Appellant is before us with one point of error that the trial court erred in granting appellee's motion for summary judgment because the pleadings, depositions and affidavits raised material issues of fact as to whether or not appellant had good cause for failure to file his claim within six months, as required by statute.

We overrule this point.

The injury made the basis of the compensation claim sued upon in this case occurred on December 18, 1965. It was one year, six months, and one day later, however before appellant filed his compensation claim with the Industrial Accident Board on June 19, 1967. Thus his claim was filed too late as a matter of law unless good cause can be shown. Tex.Rev.Civ.Stat.Ann. art. 8306 et seq.

Appellee's motion for summary judgment put the fact question of good cause at issue. Appellant failed to counter with any summary judgment "evidence;" consequently, the court had no alternative but to grant the motion.

The basis of continuing "good cause" alleged by plaintiff in his petition is threefold; one, belief by plaintiff "that there was some doubt or good reason to be-lieve that the problem he was having with his kidneys was the cause or contributing cause of his pain in his back;" two, statement by defendant's adjuster to plaintiff that "he would be taken care of and all necessary medical attention would be given to him to correct his condition;" and three, payments of compensation benefits by defendant to plaintiff. These allegations alone do not make a genuine fact issue. A genuine issue of fact in a summary judgment record is made by depositions, admissions, or affidavits sworn to "by competent affiants with personal knowledge of the statements in them, which statements must be so worded that if given on the witness stand they would be admissible as evidence." Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, 399 (Tex.1958); State v. Rope, 419 S.W.2d 890, 900 (Tex.Civ.App., Austin, 1967, no writ); Schepps v. American District Telegraph Co., 286 S.W.2d 684, 689 (Tex.Civ.App., Dallas, 1955, no writ). As said in Schepps:

"But when the defendant moves for a summary judgment, the showing required of plaintiff may assume a somewhat different pattern; as illustrated by the following conclusions drawn from consistent Appellate decisions, both State and Federal: (1) ' * * * while there are decisions to the contrary, the better reasoned cases decide that mere pleadings do not show that there is a genuine issue of fact, and thus prevent summary judgment, but that the showing is to be made by depositions, admissions, affidavits, or like 'proofs,' one, some, or all. (Citing authorities). * * *' Stayton, University of Texas, 29 T.L.R., p. 688. (2) 'Where a (defendant's) motion is supported by affidavits, depositions, admissions, or other extrinsic evidence, sufficient upon its face to establish facts which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must specify opposing evidence which will raise an issue as to some material fact, or must justify his failure to do so in accordance with the pro-

visions * * *' of section (f), 166–A (where affidavits are unavailable). 30 T.L.R. *297*; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832."

■ What appellant has failed to do in this case is to support his alleged "good cause" with deposition testimony, admissions, or a competent affidavit. This alone requires affirmance of the trial court's summary judgment for defendant.

There is a deposition of appellant in evidence and there are interrogatories propounded to him; however, there is no evidence therein remotely bearing on the question of good cause for the late filing.

## II.

■ Appellee has a motion before us to dismiss for want of jurisdiction contending that appellant did not timely file his appeal bond and record. Tex.R.Civ.P. 356, 386.

Summary judgment was entered with notice of appeal November 6, 1968. On November 7, 1968 plaintiff's (appellant) motion for new trial was filed; on November 27, 1968 his amended motion for new trial was filed. On January 8, 1969 an order overruling amended motion for new trial was entered. On February 4, 1969 the appeal bond was filed. This was 27 days after the amended motion for new trial was overruled; 90 days after summary judgment was entered. On March 7, 1969 the appellate record was filed. This was 58 days after the amended motion for new trial was overruled; 121 days after summary judgment was entered.

Thus, unless a motion filed after the entry of a summary judgment extends the time for filing the bond and record, this appeal must be dismissed for want of jurisdiction. Tex.R.Civ.P. 356 and 386. Glidden Co. v. Aetna Casualty and Surety Co., 155 Tex. 591, 291 S.W.2d 315 (Tex.1956).

There are no cases in point in Texas; however, appellee has cited us to several other jurisdictions which have passed on the precise point. Counne v. Saffan, 87 So. 2d 586 (Sup.Ct.Fla.1956) and Employers' Liab. Assur. Corp. v. Hartford Acc. and Ind. Co., 151 W.Va. 1062, 158 S.E.2d 212 (1967). These cases hold that the date for an appeal in a summary judgment case begins at the date of judgment and that a motion for new trial would not extend the date.

We overrule this motion on the reasoning of our Supreme Court in Park v. Essa Texas Corporation, 311 S.W.2d 228 (Tex. 1958), there was a non-jury trial where a motion for new trial was not a prerequisite for appeal. Tex.R.Civ.P. 324. However, the court held that the filing of such motion was not prohibited according to the rule; consequently, when the appellant elected to file the motion for new trial the time for filing the transcript on appeal began to run from the overruling of his motion. Citing Tex.R.Civ.P. 306c, 323, 324, 329b, 356, 386.

The rationale of the court was that it is not the policy of the law to discourage the filing of a motion for new trial even when it is not essential to an appeal. That the careful consideration of a motion for new trial may make an appeal unnecessary. The court pointed out that if a litigant has a right to file a motion for new trial and does so, it would cause considerable confusion if his time for appeal began upon the rendition of judgment rather than upon the overruling of his motion. He would have to request the preparation of the statement of facts and the transcript with its attendant expense without knowing whether they would be necessary or not. Thus for the purpose of appeal, a summary proceeding would be considered a trial.

We affirm the judgment of the trial court and appellee's motion to dismiss for want of jurisdiction is overruled.