Arthur TORRES, Petitioner,

v.

**WESTERN CASUALTY AND SURETY COMPANY, Respondent.**

No. B–1985.

Supreme Court of Texas.

July 29, 1970.

Charles B. Everett, Houston, Wallace Shropshire, Austin, for petitioner.

Brown, Erwin, Maroney & Barber, Will G. Barber, Austin, for respondent.

REAVLEY, Justice.

In this workmen's compensation case the trial court granted summary judgment for the defendant, Western Casualty and Surety Company. The court of civil appeals affirmed for the reasons that plaintiff's claim for compensation was filed late, that defendant raised a fact question as to plaintiff's good cause for the late filing and that plaintiff failed to produce any proof on that issue. 449 S.W.2d 148. We hold that defendant failed to establish its right to summary judgment, and we remand the case for trial.

There is a preliminary question. Plaintiff filed a motion for new trial, then amended the motion, and the trial court entered its order overruling the amended motion 63 days after the entry of the summary judgment. If the time for the filing of his appeal bond and appellate record began to run on the date of the summary judgment, those filings came too late. Rules 356 and 386, Texas Rules of Civil Procedure.

Though no "trial" was actually had, the trial court was entitled to receive and consider the motions as it did. A motion for new trial is not necessarily inappropriate following entry of a summary judgment. Rule 325, T.R.C.P. See City of Mesquite v. Scyene Investment Co., 295 S.W.2d 276 (Tex.Civ.App.1956, writ ref., n. r. e.). The court of civil appeals correctly held that the time for taking the appeal steps began to run from the overruling of the motion for new trial.

The predicate for defendant's motion for summary judgment was the late filing of plaintiff's claim for compensation. Article 8307, Sec. 4a., Vernon's Ann.Tex. Civ.St., requires that this claim be filed with the Industrial Accident Board within six months following the injury, but a later filing may be justified by a showing of good cause therefor. This is held to require a showing that the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948).

The plaintiff Torres filed his claim one year and six months after his injury. However, his pleadings set forth details to justify this delay. He alleges that an adjuster contacted him on behalf of the defendant less than three months after the injury and assured the plaintiff that he would be "taken care of", that he would be given all necessary medical treatment for his condition, and that in the event he lost as much as seven straight days from work he would be entitled to $35 a week weekly compensation.

Plaintiff's allegations specify numerous dates when the adjuster talked to him, assuring him that he was "being taken care of." He alleges that frequent medical

bills were paid by the defendant, and that he was paid $320 in compensation benefits as the result of his inability to work during certain periods extending to July 10, 1967. He alleges that he entertained his first doubts as to whether defendant would provide him with full compensation benefits during his hospitalization for a back operation in May of 1967, and that he consulted an attorney as soon as he was discharged from the hospital. He alleges that he acted with due diligence at all times until his claim was filed on June 19, 1967. The allegations present a case of good cause. Moronko v. Consolidated Mutual Insurance Co., 435 S.W.2d 846 (Tex.Sup.1968).

◼ The critical question then becomes whether the defendant's summary judgment proof met and overcame the plaintiff's allegations as to good cause. If so, the plaintiff could not stand on his pleadings but would be required to produce proof such as to raise a genuine issue of material fact. Allen v. Western Alliance Ins. Co., 162 Tex. 572, 349 S.W.2d 590 (1961); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960). However, we are considering defendant's motion, by which it contended that plaintiff's case was without merit and that defendant must prevail, as a matter of law. Unless defendant's evidentiary material had the effect of disproving plaintiff's justification for not filing his claim earlier, as plaintiff pleaded it, the motion must fail. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970); Jackson v. Cheatwood, 445 S.W.2d 513 (Tex.Sup.1969); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961). It has now been held that the federal rule has the same effect, even following the 1963 amendment to Rule 56(e). Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The summary judgment proof here consists of interrogatories (answered by the plaintiff, plaintiff's doctor and two hospital record custodians) of admissions filed by plaintiff, and of depositions (of the plaintiff, the insurance adjuster and the Executive Secretary of the Industrial Accident Board). In none of these, not even the adjuster's deposition, is there any sworn denial of the plaintiff's allegations explaining the late filing of his claim. The adjuster actually confirms his contacts with the plaintiff as well as the company's payment of benefits to and for the plaintiff. The lawyers reserved for the trial any close interrogation of plaintiff or the adjuster as to this particular issue. The motion for summary judgment should have been denied.

◼ The insurance company argues that since its proof that the claim was filed late would justify the award of an instructed verdict in its favor, under the "instructed verdict test" of its motion for summary judgment, that motion was likewise correctly granted upon plaintiff's failure to come forward to avoid and excuse by proof of good cause. The often repeated analogy between these two motions is useful in that the movant for instructed verdict and for summary judgment must demonstrate in each case that no fact issue stands in the way of judgment for the movant even though all evidence and reasonable inferences presented and raised by the party opposing the motion are assumed to be true. But the situations are not the same. If the plaintiff rested his case at the trial with no more evidence behind him than is contained in the record on this judgment, he would suffer a directed verdict because of his failure to carry his burden of proof on good cause. He had no such burden on defendant's motion for summary judgment. Glenn v. Prestegord, Tex., 456 S.W.2d 901 (July 15, 1970). See Armco Steel Corp. v. Realty Investment Co., 273 F.2d 483 (8th Cir. 1960); McDonald, The Effective Use of Summary Judgment, 15 Sw.L.J. 365, 377 (1961). When defendant filed this motion, it had to meet the plaintiff's case as pleaded. Plaintiff's pleadings alleged that he filed his claim a year late but that he had sufficient legal cause. Defendant did not meet that case by merely proving the late filing of the claim.

There is one situation where the opponent of a summary judgment motion must come forward himself to raise a fact issue by proof rather than allegation, the movant having presented no proof on the issue, and that is to support the non-movant's own affirmative defense. Gulf, Colorado & Santa Fe Ry. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958). Affirmative defenses are well recognized under our rules. It would unduly confuse summary judgment practice to reshape our previous holdings so as to shift the burden of presenting proof to levels of avoidance of an opponent's proof.

The judgment below is reversed and the cause is remanded to the trial court.