**Finley H. HORN et al., Appellants,**

v.

**Charles D. TULLER, Jr., Nominee of the Trustees of Cousins Mortgage and Equity Investments, Appellee.**

No. 16502.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 29, 1975.

Leo A. Kissner, Houston, for appellant.

Fulbright & Jaworski, James C. Slaughter, D. J. Baker, Houston, for appellee.

PEDEN, Justice.

Defendants appeal from the granting of a summary judgment in favor of plaintiff in a suit on a guaranty contract.

Defendants executed an agreement guaranteeing payment of a promissory note made payable to plaintiff by Villa Milagro, Inc., which company is not a party to this suit. The guaranty contract was executed separate and apart from the promissory note. The defendants unconditionally guaranteed the full and prompt payment when due, whether by acceleration or otherwise, of all indebtedness evidenced by the promissory note. The defendants expressly waived any notice or demand; they agreed that the lender was empowered to proceed against the defendants or any of them without joining the borrower, that the lender could sue without first or contemporaneously suing the others and that there was no duty or obligation to proceed against the borrower or exhaust any remedy against the borrower or the property or collateral securing the note before bringing suit. The contract stated that it was a "Georgia contract and was to be construed and governed according to the laws of the State of Georgia."

Plaintiff's motion for summary judgment was granted, the trial court stating in its judgment that there was no genuine issue as to any material fact, that plaintiff's cause of action was liquidated and proved by a promissory note in the principal sum of $250,000.00 and an agreement of guaranty. Plaintiff was awarded $250,000.00 principal, $39,771.02 interest, and $40,000.00 in attorney's fees.

Defendants' only point of error is that the trial court erred in not considering their sworn answer as proper summary judgment proof. They point out that there was attached to their answer a sworn statement that they "have read the above Defendants' First Amended Original Answer and know the contents thereof and the facts stated therein are within their personal knowledge, and that each and every one of the paragraphs contained therein in defense of Plaintiff's Motion for Summary Judgment are true and correct." Appellants say that these defenses were established by their answer: "(a) failure to plead and prove the law of a foreign jurisdiction, (b) partial failure of consideration and (c) uncertain and undetermined amount in controversy."

We overrule the appellants' point of error. Pleadings, even if sworn, do not constitute summary judgment evidence. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.1971); Texas National Corporation v. United Systems International, Inc., 493 S.W.2d 738 (Tex.1973); Pickering v. First Greenville National Bank, 495 S.W.2d 16 (Tex.Civ.App.1973, writ ref. n. r. e.). The answer was no less a pleading because it stated that it was filed in response to the plaintiff's petition and to his motion for summary judgment.

Having overruled the only point of error raised by appellants' brief, we need not respond to other matters argued in oral submission, but we will do so briefly.

We find no merit in the appellants' contention that their answer established the defense of "(a) failure to plead and prove the law of a foreign jurisdiction." The transcript contains a motion filed by the plaintiff (appellee) asking the court to take judicial notice, pursuant to Rule 184a of the Texas Rules of Civil Procedure, of the law of the State of Georgia relevant to the status of a guarantor. The transcript also contains the trial court's order, which was signed more than five months before the hearing on the motion for summary judgment, stating that the court "hereby takes the requested judicial notice of said Georgia case law." Such motion and order, as part of the record in the trial court, were properly considered by the judge.

We also disagree with the appellants' other assertions, that their answer established the defenses of "(b) partial failure of consideration and (c) uncertain and undetermined amount in controversy." Item (c) apparently refers to the allegation in appellants' answer to the effect that part of the money which was consideration for their execution of the guaranty agreement was diverted to another apartment project.

This, like item (b), is an allegation of partial failure of consideration.

Failure of consideration is an affirmative defense. Rule 94, Texas R.C.P.

"Where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense." Gulf, Colorado & Santa Fe Rwy. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); Torres v. Western Casualty and Surety Co., 457 S.W.2d 50 (Tex.1970).

As movant for summary judgment, plaintiff had the burden of offering proof that establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970). Plaintiff sustained his burden by offering, attached to his affidavit in support of his motion for summary judgment, the original promissory note and the guaranty contract; the affidavit showed execution of the note and guaranty agreement, alleged that he is the legal owner and holder of the note, that payment was demanded of Villa Milagro, Inc. according to the terms of the note, which is shown due on its face, that upon default payment was demanded of the guarantors and that they have failed to pay.

Having demonstrated that as a matter of law there was no issue of material fact, the plaintiff was entitled to judgment because the defendants offered no summary judgment evidence in support of their affirmative defense.

Affirmed.