**P. T. POULTRY GROWERS, INC., Appellant,**

v.

**DARR EQUIPMENT COMPANY, INC., Appellee.**

**No. 946.**

Court of Civil Appeals of Texas, Tyler.

May 20, 1976.

Rehearing Denied June 17, 1976.

William Drew Perkins, Lufkin, for appellant.

Tom D. Matthews, Matthews, Matthews, Sechrist & Madrid, Dallas, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment rendered in favor of plaintiff-appellee, Darr Equipment Company, Inc., against defendant-appellant, P. T. Poultry Growers, Inc., in an action upon a sworn account.

Plaintiff instituted suit against defendant in the form of a sworn account suing for labor and services performed and merchandise sold to defendant in the sum of $3,503.69, plus attorney's fees of $1,400. Defendant's verified answer consisted of a general denial and a special denial in which defendant alleged that the account was "not reasonable or just, in whole or in part." Defendant's answer also set up an affirmative defense in the nature of a breach of implied warranty. Attached to the answer was an affidavit of defendant's secretary-treasurer in which he stated: ". . . the account which Plaintiff seeks to recover is neither just nor fair." Plaintiff filed a motion for summary judg-

ment accompanied by the supporting affidavit of its credit manager stating that the attached account records were true and correct and accurately reflected the amount due and owing by defendant. Defendant did not respond to plaintiff's motion for summary judgment. After a hearing the trial court rendered a partial summary judgment in favor of plaintiff on the sworn account for the amount sued for. The final judgment incorporated the partial summary judgment and awarded attorney's fees to appellee.

Defendant has appealed upon four points of error primarily contending that disputed issues of material fact existed with regard to its affirmative defense of a breach of warranty and therefore the action of the trial court in granting a summary judgment was erroneous.

■ Before discussing appellant's points of error it would be helpful to describe the posture of the case at the time the trial court entered the summary judgment. Appellee's suit upon the sworn account was brought under the provisions of Rule 185, Texas Rules of Civil Procedure. The rule as amended in 1971 now provides that when an action ". . . is founded upon an open account or other claim for goods, wares and merchandise . . . or is for personal service rendered, or labor done . . . and is supported by the affidavit of the party, his agent or attorney . . . to the effect that such claim is, within the knowledge of the affiant, just and true, . . . the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; . . . . When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein . . . ." Rule 93(k), Texas Rules of Civil Procedure, was also amended in 1971 to conform to amended Rule 185 insofar as the pleading is concerned. Nowhere in appellant's sworn deni-

al was it alleged that each and every item sued upon was not just or true, nor did appellant allege that any specified items were not just and true. Appellant alleged only that the account sued upon was "not reasonable or just in whole or in part."

Since the 1971 amendment of the rules, the decided cases have held that a denial of a verified account must be in the terminology of Rules 185 and 93(k) and the courts are extremely exacting in the nature of the language used in sworn denials of such accounts. *Solor v. Petersson,* 481 S.W.2d 212, 215 (Tex.Civ.App.—Houston 1972, no writ); *Goodman v. Art Reproductions Corp.,* 502 S.W.2d 592 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); *Oliver Bass Lumber Company, Inc. v. Kay and Herring Butane Gas Company, Inc.,* 524 S.W.2d 600, 602 (Tex.Civ.App.—Tyler 1975, no writ). Language similar to that used by appellant has been held not to comply with Rules 93(k) and 185. See *Youngblood v. Central Soya Company,* 522 S.W.2d 277 (Tex.Civ.App.—Fort Worth 1975, no writ); *Duncan v. Butterowe, Inc.,* 474 S.W.2d 619 (Tex.Civ.App.—Houston, 14th Dist., 1972, no writ). Since appellant's verified answer did not conform to the requirements of Rule 185 or 93(k), the trial court properly disposed of the cause by entering a summary judgment in favor of appellee unless a disputed issue of material fact was raised on some other aspect of the case.

Appellant maintains that a disputed issue of fact was created by its verified answer affirmatively alleging a breach of warranty.

■ The fact that appellant's sworn denial to plaintiff's suit on a verified account was not in accordance with the requirements of Rules 185 and 93(k) did not deprive appellant of its affirmative defenses, such as a breach of warranty. *Jorrie Furniture Company v. Rohm,* 442 S.W.2d 476 (Tex.Civ.App.—San Antonio 1969, no writ); *Goddard Machinery Co. v. Industrial Equip. Repairs, Inc.,* 351 S.W.2d 371 (Tex. Civ.App.—Waco 1961, no writ); *Yelton v. Bird Lime & Cement Co.,* 161 S.W.2d 353 (Tex.Civ.App.—San Antonio 1942, writ

ref'd w. o. m.). However, appellant failed to offer any summary judgment proof in support of such defense. Pleadings, even though sworn to, do not constitute summary judgment proof. *Hidalgo v. Surety Savings & Loan Association*, 462 S.W.2d 540 (Tex.1971); *Horn v. Tuller*, 524 S.W.2d 597 (Tex.Civ.App.—Houston, 1st Dist., 1975, no writ).

 It is now settled that where, as here, the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense. *Gulf, Colorado & Santa Fe Ry. Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958); *Torres v. Western Casualty and Surety Co.*, 457 S.W.2d 50 (Tex.1970). Since appellant failed to offer any proof in support of its defensive plea, no issue of disputed fact was created in that regard. Consequently, the record demonstrates that appellee was entitled to a summary judgment as a matter of law.

We find no merit in appellant's contention that appellee's motion for summary judgment failed to comply with Section (e) of Rule 166–A, Texas Rules of Civil Procedure. Section (e) of the rule provides that sworn or certified copies of all papers referred to in an affidavit shall be attached thereto and served therewith. While the copies of invoices attached to the affidavit of appellee's credit manager were not individually sworn to, the affidavit recites that the "annexed account" is just, true and correct.

The defects complained of appear to be formal rather than substantive. *Youngstown Sheet & Tube Co. v. Penn.*, 363 S.W.2d 230 (Tex.1962). The deficiencies which appellant now urges, being purely formal, it must be assumed that they would have been corrected upon proper exception in the trial court. In any event, the matter should have been called to the attention of the trial court so that the court could have considered the matter in ruling on the motion for summary judgment. *Maberry v. Julian*, 479 S.W.2d 770, 775 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); *Hall v. Fowler*, 389 S.W.2d 730, 733 (Tex.Civ.App. —Dallas 1965, no writ). An objection of this kind may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The judgment of the trial court is affirmed.