**Fred MEYER, Appellant,**

v.

**Willett KUPATT et al., Appellees.**

**No. 1170.**

Court of Civil Appeals of Texas, Corpus Christi.

April 7, 1977.

Rehearing Denied April 20, 1977.

Keith L. Merrick, Port Lavaca, for appellant.

Tom A. Garner, Jr., Port Lavaca, for appellees.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Fred Meyer brought suit against Willett, Laurin and Clarence Kupatt for specific performance or, in the alternative, damages on a contract to convey real estate. The Kupatts denied Meyer's claims and filed a motion for summary judgment supported by affidavits. After a hearing, the trial court granted the Kupatts' motion and denied all recovery by Meyer. From this action by the trial court, Meyer has perfected appeal to this Court.

This suit arose out of an alleged contract between appellant Meyer and the Kupatts to sell to Meyer some 10.93 acres of land in Calhoun County. Two versions of this contract appear in the record. The first is Exhibit A to Meyer's original petition. This copy, dated March 19, 1976, is signed by the appellant and no one else and has the word "Rejected" handwritten across its face. The second copy of the contract is Exhibit A to Meyer's first supplemental petition. This copy is almost totally illegible, but appears to have been signed by appellant Meyer and by Joyce Keeble, a real estate agent.

Appellant is bringing suit to have this second contract specifically enforced against the Kupatts or for his damages. It was appellant's contention that the Kupatts agreed to sell him this land for $7,500.00. Appellant claims that he signed the real estate contract and deposited the earnest money on the contract ($500.00) with the real estate agent, Joyce Keeble. Joyce Keeble was the listing agent for the land. In his original petition, appellant claims the Kupatts rejected the contract and returned his earnest money. The basis of his recovery under this pleading is that the contract was not an offer, but a written memorandum of a prior oral agreement. In his supplemental petition, the appellant comes up with the additional allegation that the contract was signed by Joyce Keeble, the authorized agent of the Kupatts.

The appellees deny all of appellant's allegations and filed a motion for summary judgment. The basis for appellees' motion was that they had not executed any written agreement to sell the land in question and, therefore, all that appellant's allegations amounted to was an oral contract to sell real estate contrary to Tex.Bus. & Comm. Code Ann. § 26.01 (1968), (commonly known as the statute of frauds). In support of their motion for summary judgment, the appellees included an affidavit from appellee Willett Kupatt. This affidavit stated

that neither he nor his brothers (the other appellees) ever executed a contract with Meyer to sell the land nor did they authorize anyone to execute such an agreement on their behalf. The appellant offered no summary judgment evidence.

Appellant's first point of error is that his pleadings show the existence of several genuine issues of fact. It is appellant's argument under this point that his pleadings and exhibits attached thereto raise a number of questions of material facts. The real question presented by this point of error is whether or not pleadings constitute summary judgment evidence.

■■■ It is a well established rule of law in this State that pleadings will not be regarded as summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.Sup.1971); *Justice v. Willard*, 538 S.W.2d 651 (Tex.Civ. App.—Amarillo 1976, no writ); *P. T. Poultry Growers, Inc. v. Darr Equipment Company, Inc.*, 537 S.W.2d 773 (Tex.Civ.App.— Tyler 1976, writ ref'd n.r.e.); *Roadrunner Investments, Inc. v. Texas Utilities Fuel Company*, 536 S.W.2d 597 (Tex.Civ.App.— Fort Worth 1976, no writ); *Jeffrey v. Larry Plotnick Co., Inc.*, 532 S.W.2d 99 (Tex.Civ. App.—Dallas 1975, no writ); *Horn v. Tuller*, 524 S.W.2d 597 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). Admittedly, the party opposing a motion for summary judgment has no burden of proof. *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50 (Tex.Sup.1970). However, once the movant has shown his right to the summary judgment, the burden shifts to the non-movant to prove the existence of a material fact question. *Gulf, Colorado & Santa Fe Railway Company v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958). This must be done with proper summary judgment evidence.

■■■ In the case at bar, the appellee offered summary judgment evidence which if uncontroverted, clearly established as a matter of law his defense to appellant's claims. For the reasons stated above, we must hold that appellant's pleadings presented no summary judgment evidence

and, therefore, the trial court was correct in granting appellees' motion for summary judgment.

■■■ Appellant's second point of error is that the trial court erred in failing to consider a listing agreement between the Kupatts and Joyce Keeble, the real estate agent, as part of the summary judgment evidence. It is appellant's contention in this point of error that this document was present in the courtroom at the time of the hearing and although tendered by the appellant was rejected by the trial court. The document was not filed as a part of the summary judgment record. Regardless of the merits of this point of error, we cannot consider the question. Appellant failed to make a bill of exceptions as required by Rule 372, T.R.C.P. The evidence in question is not before this Court for consideration. Where documentary evidence is excluded by a trial court and the same is not made a part of the record, it cannot constitute a basis for reversal of the case. *Vega v. Royal Crown Bottling Co.*, 526 S.W.2d 729 (Tex.Civ.App.—Corpus Christi 1975, no writ). *Allandale Nursing Home, Inc. v. John Bremond Company, Inc.*, 514 S.W.2d 958 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.).

■■■ The appellant's remaining points of error concern alleged error on the part of the trial court in failing to allow appellant certain discovery measures and the necessary time to implement this discovery. These complaints are all centered around the failure of the trial court to review the listing agreement.

Rule 166–A, Summary Judgment, Section (c), states in part:

". . . The motion shall be served at least ten days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. No oral testimony shall be received at the hearing. . . ."

The appellant made no attempt to attach the listing agreement to an affidavit and get it filed as summary judgment evidence. The appellant made no motion for continu-

ance for the purpose of supplying opposing summary judgment evidence. In fact, the appellant announced "ready" the day before the day of the hearing on the summary judgment. We find no abuse of discretion in the trial court refusing to consider the purported listing agreement on the day of the hearing on the summary judgment. See *City National Bank in Wichita Falls v. Bradshaw,* 433 S.W.2d 955 (Tex.Civ.App.— Fort Worth 1968, no writ) and authorities cited therein.

■ The appellant does not complain of any other evidence he was prevented from presenting at the hearing except the purported listing agreement. The record indicates that the document in question (the listing agreement) was present in the court-room on the day of the hearing and was available. Since the evidence the appellant now complains he was unable to discover was actually present, there is no showing of harm to the appellant. See *Dobbins v. Gardner,* 377 S.W.2d 665 (Tex.Civ.App.— Houston 1964, writ ref'd n.r.e). Any error by the trial court in this regard was harmless. Rule 434, T.R.C.P.

The judgment of the trial court is AFFIRMED.