Violet Emelene THOMLEY, Appellant,

v.

SOUTHWOOD–DRIFTWOOD APART-MENTS, LTD., d/b/a Driftwood Apart-ments, and Hiw, Inc., Appellees.

No. 07–96–0205–CV.

Court of Appeals of Texas, Amarillo.

Aug. 27, 1996.

---

1. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.     1994).

Joe L. Lovell, Channy F. Wood, Garner, Stone & Lovell, Amarillo, for appellant.

Michael J. Sharpee, Peterson, Farris, Doores & Jones, Amarillo, Andrew L. Pickens, Fulbright & Jaworski, Houston, Ben Taylor, Fulbright & Jaworski, Dallas, for appellees.

Before BOYD and QUINN, JJ., and REYNOLDS, Senior Justice.*

PER CURIAM.

Appellees Southwood–Driftwood Apartments, Ltd., d/b/a Driftwood Apartments, and HIW, Inc., (Southwood), seek the dismissal of appellant Violet Emelene Thomley's (Thomley) appeal from a summary judgment in favor of Southwood. Subject to their motion to dismiss, Southwood has also filed a Motion for Leave to File Supplemental Transcript and a First Motion for Extension of Time in Which to File Brief. We deny Southwood's motion to dismiss but grant its motions for leave to file the supplemental transcript and for extension of time within which to file its brief.

The thrust of Southwood's motion to dismiss is that Thomley's appeal was not timely perfected; therefore, this court lacks jurisdiction to consider the appeal. Specifically, Southwood contends Thomley failed to file an appeal bond or affidavit in lieu of bond within 30 days after the summary judgment was signed, and did not timely file a motion with this court seeking an extension of time for late filing.

The summary judgment was granted March 4, 1996. Absent a filing that extends the deadline, a party has 30 days from the date a judgment is signed within which to file a cost bond to perfect an appeal. Tex.R.App. P. 41(a)(1). Thus, absent an extension, the deadline for perfecting this appeal was April 3, 1996. Counsel for Thomley filed a request for findings of fact and conclusions of law on March 22, 1996, and a motion for new trial on April 2, 1996, but the certificate of deposit in lieu of appeal bond was not filed until May 31, 1996.

With respect to when ordinary appeals are perfected, the Texas Rules of Appellate Procedure provides, in pertinent part:

When security for costs is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury.

Tex.R.App. P. 41(a)(1).

When a trial court grants a summary judgment, it makes a determination that no material issues of fact exist. *Besing v. Moffitt,* 882 S.W.2d 79, 82 (Tex.App.—Amarillo 1994, no writ). When a trial court denies such a judgment, it holds that such issues exist; however, it does not decide the issues. *Id.* As a result, a summary judgment proceeding has not been "tried" for the purpose of requesting findings of fact and conclusions of law. *Id., citing Zimmerman v. Robinson,* 862 S.W.2d 162, 164 (Tex.App.—Amarillo 1993, no writ).

Because findings of fact and conclusions of law have no place in a summary judgment proceeding, the appellate timetable was not extended by the requests for such findings and conclusions in this case. *Linwood v. NCNB Texas,* 885 S.W.2d 102 (Tex.1994). Southwood recognizes that the Texas Supreme Court in *Torres v. Western Casualty & Surety Co.,* 457 S.W.2d 50 (Tex.1970)

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

held the filing of a motion for new trial in a summary judgment proceeding extended the appellate timetable. However, it argues that since *Torres*, in the *Linwood* case, the court held that because a summary judgment proceeding does not constitute a "trial," requests for findings of fact and conclusions of law are not appropriate to extend the appellate timetable; hence, "the same reasoning should be used in regard to a motion for new trial."

In support of that argument, Southwood cites and relies upon a footnote observation in *Chavez v. Housing Auth. of El Paso*, 897 S.W.2d 523 (Tex.App.—El Paso 1995, writ denied). In that case, after noting the *Linwood* holding, the El Paso court made the following footnote observation:

It is logical to note that based upon the definition of "trial" as contained in *Linwood* ..., a summary judgment proceeding has not been "tried" for purposes of a motion for new trial, either. Although the Supreme Court has noted that a motion for new trial is not necessarily inappropriate following entry of a summary judgment despite the fact that no "trial" was actually had, *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50 (Tex.1970), that case and its progeny pre-date *Linwood*. If findings of fact and conclusions of law are inappropriate to extend the appellate timetable because a summary judgment does not constitute a "trial", we are hard-pressed to understand how a motion for new trial is any more appropriate. We are left, then, with the question of whether the appellate timetable may ever be extended following summary judgment.

*Id.* at 526, n. 1.

■ We do not agree that the question as to whether the appellate timetable may ever be extended following summary judgment is open. In the *Torres* case, and in referring to the summary judgment before it, the court specifically noted that although "no 'trial' was actually had," a motion for new trial "is not necessarily inappropriate following entry of a summary judgment." The court held the intermediate appellate court "correctly held that the time for taking the appeal steps began to run from the overruling of the motion for new trial." Thus, the *Linwood*

holding that a summary judgment hearing is not a "trial" of such a nature to make appropriate requests for findings of fact and conclusions of law, is not inapposite to the similar holding by the *Torres* court.

Additionally, in *Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex.1995), by holding a transcript was timely filed 82 days after a summary judgment in which a motion for new trial had been filed, the supreme court, inferentially if not explicitly, again recognized that the filing of a motion for new trial extended the appellate timetable. Moreover, various courts of appeal have recognized that the appellate timetable in a summary judgment appeal is extended by the filing of a motion for new trial. *See Stafford v. O'Neill*, 902 S.W.2d 67, 67 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Sewell v. Adams*, 854 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Mitre v. Brooks Fashion Stores, Inc.*, 818 S.W.2d 154, 156 (Tex. App.—Corpus Christi 1991, no writ); *Krchnak v. Fulton*, 759 S.W.2d 524, 528 (Tex. App.—Amarillo 1988, writ denied).

Furthermore, the plain meaning of Rule 41 extends the filing deadline in two separate instances: 1) if any party files a timely motion for new trial; or 2) in a case tried without a jury, if any party timely files a request for findings of fact and conclusions of law. Tex.R.App. P. 41(a)(1); *West Columbia Nat'l Bank v. Griffith*, 902 S.W.2d 201 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

As we have noted, because the granting of a summary judgment itself exemplifies a trial court holding that as a matter of law the prevailing party is entitled to the relief sought, it is not a "trial" before the court within the purview of the rule pertaining to findings of fact and conclusions of law. However, as in any other case, a losing party is certainly entitled to point out reasons why the judgment was wrongly entered with the possibility that the expense and delay of an appeal might be obviated. We do not perceive any logical reason why the rule extending the appellate timetable in cases where a motion for new trial is filed should not apply in summary judgment proceedings as it does in other cases.

We hold that Thomley's timely filing of a motion for new trial extended the appellate timetable; therefore, her appeal was timely perfected and Southwood's motion to dismiss is overruled. However, Southwood's motions for leave to file a supplemental transcript and first motion for extension of time within which to file its brief are granted.

It is so ordered.