NO. 12-01-00182-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HELEN D. THORNTON,
§
 APPEAL FROM THE 392ND

APPELLANT



V.
§
 JUDICIAL DISTRICT COURT OF


CHASE MANHATTAN

MORTGAGE CORPORATION,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

PER CURIAM


 Appellant Helen D. Thornton ("Thornton") appeals from a summary judgment entered in
favor of Chase Manhattan Mortgage Corporation ("Chase") in her suit for wrongful foreclosure. In
one issue, Thornton asserts that Chase did not conclusively prove entitlement to summary judgment. 
We affirm.

 Thornton purchased the property at issue in 1998 and occupies it as her residence. Alleging
that Thornton failed to make her payments on September 1, 1999 and thereafter, Chase, the lien
holder, foreclosed on the property. Thornton brought suit for wrongful foreclosure, asserting that
Chase did not provide her with the proper statutory notices and that she had paid all installments that
had become due. Chase moved for summary judgment asserting that Thornton was in default at the
time of foreclosure and that Chase conducted a proper foreclosure, including providing Thornton
with notice of default and of the foreclosure sale. Chase provided as summary judgment evidence
the deed of trust, note, and other loan documents, the affidavit of Susan Friedrich, copies of letters
to Thornton dated May 3, 2000, providing notice of default, and June 9, 2000, giving notice of the
foreclosure sale, copies of the return receipts for those letters, documentation of the July 4, 2000
foreclosure sale, and an attorneys' fee affidavit. 

 In her response to the motion for summary judgment, Thornton asserted that there is an issue
of material fact as to whether the initial notice of default was actually sent to her and whether the
foreclosure was wrongful in general because she had attempted to make her monthly mortgage
payments during the time period between September 1, 1999 and May 3, 2000. Thornton also
moved for summary judgment based on the ground that Chase did not mail her the proper notices. 
As summary judgment evidence she presented a letter from a foreclosure specialist at Cenlar, the
loan services agent for Chase, dated April 14, 2000, indicating that Cenlar had placed six of
Thornton's checks into suspense, Thornton's affidavit explaining that she has attempted to make her
monthly payments, and three additional letters from the Risk Management Department at Cenlar in
which it is explained that her checks will not be accepted because of a completed foreclosure on July
4, 2000.

 In her sole issue, Thornton asserts the trial court erred in granting Chase's motion for
summary judgment because Chase failed to conclusively prove that adequate notice had been served
upon Thornton. She argues that Chase's affiant, Friedrich, had no personal knowledge of the letter
allegedly sent to Thornton by someone at Cenlar and that, since the copy of the certified mail receipt
lacks any postal receipt stamp, it does not show a certified mailing had actually been accomplished.

 To obtain a summary judgment, the movant has the burden of showing that there is no
genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. civ. P.
166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Every reasonable inference must be indulged in favor
of the non-movant and any doubts resolved in its favor. Id. Summary judgment for a defendant is
proper when the summary judgment evidence negates an essential element of the plaintiff's cause
of action as a matter of law or conclusively establishes all elements of an affirmative defense as a
matter of law. See Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). Once the
defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts
to the non-movant to produce controverting evidence raising a fact issue as to the elements negated. 
Torres v. Western Cas. & Sur. Co., 457 S.W.2d 50, 52 (Tex. 1970); Owen Elec. Supply, Inc. v.
Brite Day Constr. Inc., 821 S.W.2d 283, 286 (Tex. App.-Houston [1st Dist.] 1991, writ denied).

 Section 51.002 of the Texas Property Code governs the sale of real property under a power
of sale conferred by a contract lien and provides that written notice of default must be given to the
debtor by certified mail stating that the debtor is in default and giving the debtor at least twenty days
to cure the default. Tex. Prop. Code Ann. § 51.002(d) (Vernon 1995). Notice by certified mail is
complete when deposited in the United States mail, postage prepaid and addressed to the debtor at
the debtor's last known address as shown by the records of the holder of the debt. Tex. Prop. Code
Ann. § 51.002(e) (Vernon 1995). An affidavit of a person knowledgeable of the facts to the effect
that service was completed is prima facie evidence of service. Id. The general purpose of the statute
is to provide a minimum level of protection for the debtor and it provides for only constructive notice
of the foreclosure. WTFO, Inc. v. Braithwaite, 899 S.W.2d 709, 720 (Tex. App.-Dallas, 1995, no
writ).

 As movant for summary judgment, Chase was required to establish its right to recover as a
matter of law. It offered Friedrich's affidavit to show it sent notice of default pursuant to the
requirement of section 51.002. Friedrich is the operations manager over Texas foreclosures for the
law firm of Barrett Burke Wilson Castle Daffin & Frappier, L.L.P., the authorized agent for Chase. 
She stated that she is familiar with the foreclosure activities in relation to Thornton's loan and that
she has personal knowledge of the facts in her affidavit. She also stated that she is the custodian of
Chase's records with respect to the default of Thornton's loan and that the documents attached to
her affidavit are records kept in the regular course of business. Included in the documents attached
to the affidavit is the May 3, 2000 letter from Cenlar informing Thornton that she was in default,
giving her twenty days to cure the default by paying a specified amount, and warning her that failure
to cure the default will result in acceleration of the note, foreclosure of the note, and sale of the
property. Friedrich's affidavit is prima facie evidence of service of notice. Tex. Prop. Code Ann.
§ 51.002(e). Accordingly, Chase met its burden to prove as a matter of law that it complied with the
statutory provisions for foreclosure. Tex. Prop. Code Ann. § 51.002. The burden then shifted to
Thornton to present summary judgment evidence to show a fact question exists. Torres, 457 S.W.2d
at 52. Thornton's assertion in her affidavit that she never received notice does not negate Chase's
acts in compliance with the statute. We conclude that Thornton raised no fact issues. The trial court
did not err in granting Chase's motion for summary judgment. We overrule Thornton's sole issue.

 We affirm the trial court's judgment.


Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
































(DO NOT PUBLISH)