

## NUMBER 13-14-00727-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**GLORIA GARCIA,**                                                                                    **Appellant,**

**v.**

**GENESIS CRUDE OIL, L.P.,**                                                                   **Appellee.**

---

### On appeal from the 229th District Court
### of Duval County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Benavides

By five issues,[1] appellant Gloria Garcia appeals a take-nothing judgment entered

---

[1] Stated in full, the five issues include whether the trial erred in:

(1) determining as a matter of law, that a cause of action under Texas Natural Resources Code § 91.404(a–b) can be extinguished, and the additional penalties to be imposed under Texas Natural Resources Code § 91.406 nullified and voided even if a suit is filed,

against her related to Garcia's cause of action and declaratory action filed under the Texas Natural Resources Code against appellee Genesis Crude Oil, L.P. ("Genesis"). *See* TEX. NAT. RES. CODE ANN. §§ 91.404; 91.406 (West, Westlaw through 2015 R.S.). We affirm.

## I.  BACKGROUND[2]

as long as the payor tendered late payment of oil and gas proceeds and interest before trial commences;

(2) determining as a matter of law, that statutory interest imposed under Texas Natural Resources Code § 91.403 provides the only mandatory penalty for late payments, even if the Payee has been forced to file suit to collect unpaid oil and gas proceeds and interest;

(3) determining as a matter of law, that in order to be entitled to recover the statutory minimum award of $200.00 and reasonable attorney's fees under Texas Natural Resources Code § 91.406 if suit is filed, the payee must still recover "actual" monetary damages in order to be entitle to favorable final judgment;

(4) determining as a matter of law that the statutory language of Texas Natural Resources Code § 91.406 was plain and unambiguous, which precluded an inquiry into the legislative intent of enacting additional mandatory penalties if suit had to be filed, as an incentive to force the payor to timely pay proceeds from the sale of oil and gas; and

(5) denying Garcia's right to proceed to trial to establish the essential elements of her claim:

    a.   after notice was given, Genesis breached its duty to timely pay proceeds from the sale of oil and gas to [Garcia], pursuant to Texas Natural Resources Code § 91.402(a)(1);

    b.   Genesis was not excused from making a timely payment of oil and gas proceeds, as there was no legitimate title dispute;

    c.   Reasonable attorney's fees incurred by [Garcia] were established as a matter of law; and

    d.   A declaration of rights under the Texas Natural Resources Code, that Genesis "is or was a 'payor' vis-à-vis [Garcia] and "has or hand" a duty to keep in place a binding division order in connection with the subject lease under § 91.402(c)(1).

[2] This appeal was transferred from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

2

On July 19, 2012, Garcia, as sole successor mineral estate lessor[3] of certain real property in Duval County, filed suit against L.T.D. Explorations, Inc. ("LTD") alleging that LTD, as the purported successor lessee[4] to the mineral estate, unreasonably used the surface estate of the property and "breached the lease agreement by conducting business on more land than it is entitled to under the lease." Additionally, Garcia alleged that LTD destroyed the surface estate and damaged the subsurface estate, to wit: "allow[ing] oil and saltwater to pool all over the land, [leaving] trash and debris on the land and [destroying] grass, brush[,] and trees on the land to [Garcia's] detriment and damage."

On October 10, 2013, two division orders[5] were issued to Garcia related to Garcia's mineral interest in 68.4 acres of land located in Duval County. The division orders—one effective on December 1, 2010 and the other January 1, 2011—authorized Genesis to receive and purchase such oil from the land and give credit to Garcia.

On January 23, 2014, LTD filed a third-party petition against Genesis alleging that Genesis had suspended royalty payments owed to Garcia under the division orders following Garcia's father's death. Furthermore, LTD alleged that any damages assessed against LTD by Garcia were due to the "negligent actions and/or omissions and/or breaches and/or conduct" of Genesis. On June 25, 2014, Garcia amended her

---

[3] According to Garcia's pleadings, Garcia and her now-deceased father Willie De La Fuente served as mineral estate lessors of the estate in question since August 3, 1994. Garcia further asserted that De La Fuente died on December 12, 2008, and she became "fully vested" with the mineral estate at issue.

[4] According to Garcia's pleadings, the original lessee to the mineral estate was Uvalde Energy Corporation.

[5] A "division order" is an agreement signed by the payee directing the distribution of proceeds from the sale of oil, gas, casinghead gas, or other related hydrocarbons. TEX. NAT. RES. CODE ANN. § 91.401(3) (West, Westlaw through 2015 R.S.). The order directs and authorizes the payor to make payment for the products taken in accordance with the division order. *Id.*

3

petition and added Genesis as a defendant, alleging *inter alia* that Genesis was required to timely pay royalties and was liable to pay for all of her damages, plus interest and attorney's fees under the Texas Natural Resources Code.

On September 22, 2014, Garcia amended her petition for a fourth time—the live pleading before us—and named Genesis as the sole defendant. In this petition, Garcia sought a declaratory judgment to determine the rights and obligations of the parties under the natural resources code, including whether: (1) Genesis is a statutorily-defined "payor"; (2) Garcia is a statutorily-defined "payee"; and (3) Genesis had a duty to "tender and maintain a binding division order reflecting the ownership interests of Garcia" on the lease, so long as Genesis remains a payor. Additionally, Garcia asserted a cause of action under the natural resources code asserting that Genesis breached its duty to: (1) timely pay proceeds to Garcia; and (2) submit a division order to Garcia. In addition to the declaratory relief, Garcia also requested that Genesis pay a $200.00 minimum award under the natural resources code section 91.406 as well as reasonable attorney's fees under the same statute. Genesis answered this amended petition asserting various defenses, including that it has fulfilled any obligations to Garcia under the Texas Natural Resources Code.

On October 14, 2014, Genesis filed its amended motion for final summary judgment alleging that as a matter of law: (1) Garcia does not have a cause of action under the Texas Natural Resources Code for "Nonpayment of Oil and Gas Proceeds or Interest" when all such proceeds and interest have been indisputably paid; (2) Garcia is not entitled to attorney's fees under the Texas Natural Resources Code; and (3) Garcia cannot replead a claim for "Nonpayment of Oil and Gas Proceeds or Interest" as a

4

declaratory judgment.

On November 3, 2014, the trial court granted Genesis's motion for summary judgment and ordered that Garcia take nothing on her claim for non-payment of oil or gas proceeds and interest pursuant to natural resources code section 91.404(c); that she additionally take nothing on her claim against Genesis for attorney's fees and a mandatory minimum of $200.00 under section 91.406 of the natural resources code; and all other relief requested was denied.    This appeal followed.

## II.    SUMMARY JUDGMENT

By her first four issues, Garcia asserts that the trial court erred by granting Genesis's motion for summary judgment.

### A.    Standard of Review

We review summary judgments de novo.  *Merriman v. XTO Energy, Inc.,* 407 S.W.3d 244, 248 (Tex. 2013); *Nalle Plastics Family L.P. v. Porter, Rogers, Dahlman & Gordon, P.C.,* 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied).  We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor.  *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 157 (Tex. 2004).

In advancing a traditional motion for summary judgment, the movant has the burden to show there is no genuine issue of material fact, and it is entitled to judgment as a matter of law on the issues expressly presented to the trial court by written motion, answer, or other response.  TEX. R. CIV. P. 166a(c).  When a party moves for summary judgment based upon an affirmative defense, as here, the movant must establish each element of its defense as a matter of law.  *Johnson & Johnson Med., Inc. v. Sanchez,*

5

924 S.W.2d 925, 927 (Tex. 1996). Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a motion for summary judgment filed on the basis of an affirmative defense. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied) (citing *Torres v. Western Cas. & Surety Co.*, 457 S.W.2d 50, 52 (Tex. 1970); *see also* David Hittner & Lynne Liberato, *Summary Judgments in Texas: State and Federal Practice*, 52 HOUS. L. REV. 777, 862 (2015) ("Unless the movant conclusively establishes the affirmative defense, the nonmovant-plaintiff has no burden to present summary judgment evidence to the contrary."). If the defendant meets this burden, the plaintiff must then produce evidence raising a genuine issue of material fact to avoid summary judgment on the affirmative defense. *Vu v. ExxonMobil Corp.*, 98 S.W.3d 318, 320 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

## B. Discussion

### 1. Texas Natural Resources Code Section 91.404(c)

We begin with Garcia's cause of action against Genesis brought under section 91.404(c) of the natural resources code. Section 91.404(c) states:

> A payee has a cause of action for nonpayment of oil or gas proceeds or interest on those proceeds as required in Section 91.402 or 91.403 of this code in any court of competent jurisdiction in the county in which the oil or gas well is located.

TEX. NAT. RES. CODE ANN. § 91.404(c). As a pre-requisite to suit, section 91.404 requires that a payee notify a payor in writing of the non-payment, and the payor has thirty days after receiving such written notice to pay the proceeds due, or provide "reasonable cause" for nonpayment to the payee. *See id.* § 91.404(a)–(b). The relevant part of section

6

91.402 states: "the proceeds derived from the sale of oil or gas production from an oil or gas well located in this state must be paid to each payee by payor on or before 120 days after the end of the month of first sale of production from the well." *Id.* § 91.402(a) (West, Westlaw through 2015 R.S.). Furthermore, section 91.403 states that if payment has not been made within the time limits specified in section 91.402, the payor must pay interest to a payee. *See id.* § 91.403(a) (West, Westlaw through 2015 R.S.).

Under Garcia's cause of action in this case, Garcia asserted that Genesis "failed to pay the proceeds due to her from the sale of oil and gas" on her mineral lease. In its summary judgment motion, however, Genesis asserts an affirmative defense that because it had tendered full payment of proceeds and interest to Garcia, her cause of action against Genesis fails as a matter of law. We agree. In a response to written discovery propounded by Genesis to Garcia—and attached to Genesis's motion for summary judgment—Garcia stated that "[a]ll royalty principal [of $26,222.25] has now been paid to [her] from funds previously held in suspense by Genesis." In that same answer to discovery, Garcia notes that she is still owed $585.47 in statutory interest for the failure to pay her timely royalties. *See id.* Furthermore, in a June 25, 2014 letter from Genesis's counsel to Garcia's counsel—likewise attached as summary judgment evidence—Genesis tendered a $585.47 check to Garcia for the "statutory interest" claimed by Garcia under the natural resources code related to certain royalty payments that had been suspended following Garcia's father's death.

Therefore, by Garcia's admissions in written discovery to being paid the unpaid royalties of $26,222.25 and only having $585.47 in statutory interest outstanding, which was later paid by Genesis on June 25, 2014, Genesis is entitled to summary judgment

7

over Garcia's cause of action for non-payment of proceeds and statutory interest under section 91.404(c). Genesis conclusively showed that full royalty and interest payments had been made to Garcia to defeat the gravamen of her section 91.404 cause of action, and Garcia failed to produce evidence raising a genuine issue of material fact to avoid summary judgment on this issue. *See id.* § 91.404.

### 2. Texas Natural Resources Code Section 91.406

Next, we turn to the trial court's ruling that Garcia take nothing on her claim against Genesis for attorney's fees and a mandatory minimum damages award of $200.00 under section 91.406 of the natural resources code. Section 91.406 states the following:

> If a suit is filed to collect proceeds and interest under [Chapter 91], the court shall include in any final judgment in favor of the plaintiff an award of:
>
> (1) reasonable attorney's fees; and
>
> (2) if the actual damages to the plaintiff are less than $200, an additional amount so that the total amount of damages equals $200.

*Id.* § 91.406.

Genesis argued in its motion for summary judgment that because Garcia's section 91.404(c) cause of action fails as a matter of law, a plain reading of section 91.406 precludes her from recovering attorney's fees or the minimum award of $200.00 as a matter law. We agree.

Courts have construed section 91.406 of the natural resources code to mean that a plaintiff seeking attorney's fees or the minimum actual damages award under it must first prevail on a cause of action brought under chapter 91. *See Ohrt v. Union Gas Corp.*, 398 S.W.3d 315, 333 (Tex. App.—Corpus Christi 2012, pet. denied) ("Applying the plain meaning of the word favorable, we consider any judgment favorable to the plaintiff when

8

he obtains a measure of relief which leaves him in a better position than he held before filing suit." (internal quotations omitted)) (citing *Headington Oil Co., L.P. v. White*, 287 S.W.3d 204, 216 (Tex. App.—Houston [14th Dist.] 2009, no pet.)). Accordingly, because we hold that Genesis's section 91.404 cause of action fails as a matter of law, no "final judgment in favor of [Garcia]" existed to entitle her to reasonable attorney's fees or damages of the minimum award of actual damages under section 91.406.

We overrule Garcia's first four issues.

### III. DECLARATORY JUDGMENT

By her fifth and final issue, Garcia asserts that the trial court erred by dismissing her declaratory judgment action.

### A. Standard of Review and Applicable Law

The purpose of declaratory judgments are to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and the declaratory judgment statutes are to be liberally construed and administered. TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West, Westlaw through 2015 R.S.). A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute. *Id.*

We review declaratory judgments under the same standards as other judgments. TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (West, Westlaw through 2015 R.S.). In so doing, we look to the procedure used to resolve the issue at trial to determine the standard

9

of review on appeal. *See Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 65–66 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Here, because the trial court resolved Garcia's declaratory action through Genesis's traditional motion for summary judgment, we will review the propriety of the trial court's denial of the declaratory judgment under the same standards applied to summary judgment. *See XTO Energy*, 407 S.W.3d at 248; *Two Thirty Nine Joint Venture,* 145 S.W.3d at 157.

**B.    Discussion**

In her request for declaratory relief, Garcia requested that the trial court declare the following:

(a) [Genesis] is the "payor" on the Willie De La Fuente Lease No. 54546000, as defined by the Texas Natural Resources Code, Section 91.401, et seq.;

(b) [Garcia] is a "payee" as defined by the Texas Natural Resources Code Section 91.401, entitled to receive proceeds from the sale of oil and gas on the Willie De La Fuente Lease No. 54546000;

(c) [Genesis] had and has a continuing duty to tender and maintain a binding division order reflecting the ownership interests of [Garcia] in the Willie De La Fuente Lease No. 5456000, as long as Genesis remains the Payor under the lease;

(d) [Genesis] failed to timely pay proceeds from the sale of oil and gas to [Garcia] on the Willie De La Fuente Lease No. 54546000, pursuant to the statutory deadlines set out in Texas Natural Resources Code, Section 91.402;

(e) [Genesis's] failure to timely pay proceeds from the sale of oil and gas to [Garcia] on the Willie De La Fuente Lease No. 54546000 was not excused;

(f) [Garcia] gave [Genesis] the required written notice of its failure to pay proceeds due from the sale of oil and gas and [Genesis] failed to pay those proceeds due within thirty days;

10

(g) [Garcia] filed suit under the cause of action created and allowed by Texas Natural Resources Code, Section 91.404;

(h) [Garcia] is entitled to judgment in her favor pursuant to the Uniform Declaratory Judgment Act;

(i) [Garcia] is entitled to recover the sum of $200.00 as the Minimum Award prescribed by Texas Natural Resources Code, Section 91.406;

(j) [Garcia] is entitled to recovery reasonable attorney's fees prescribed by the Texas Natural Resources Code, Section 91.406, in an amount to be determined by the trier of facts; [and]

(k) [Garcia] is entitled by law and equity to recover reasonable and necessary attorney's fees prescribed by Chapter 37, Texas Civil Practice and Remedies Code, in an amount that the Court finds equitable and just.

Genesis argues that all of Garcia's claims for declaratory relief are moot and fail as a matter of law because they do not relate to a justiciable controversy. Specifically, Genesis asserts that Garcia (1) received a current division order in October 2013; (2) has been paid all of the past due proceeds and interest owed; and (3) continues to receive timely proceeds under her lease. We, again, agree with Genesis.

Stated again, to constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute. *Beadle*, 907 S.W.2d at 467. Furthermore, declaratory relief is not warranted unless the claim presents a "substantial controversy" of "immediacy and reality." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (quoting *Tex. A&M Univ.–Kingsville v. Yarbrough*, 347 S.W.3d 289, 290 (Tex. 2011)). Although a controversy may be moot, however, the capable-of-repetition doctrine is a rare exception to the mootness doctrine. *Yarbrough*, 347 S.W.3d at 290 (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). This exception applies when the challenged act is of

11

such short duration that the appellant cannot obtain review before the issue becomes moot, and a reasonable expectation exists that the same action will occur again if the issue is not considered. *Id.*

All of the actions complained about in Garcia's fourth amended petition relate to past conduct of untimely-paid proceeds by Genesis to Garcia, following Garcia's father's death. However, we held earlier that Genesis established as a matter of law that all past proceeds and corresponding interest owed by Genesis were ultimately paid to Garcia. Therefore, this conclusion renders Garcia's requests for declarations (c)–(j) moot. *See Etan Indus.*, 359 S.W.3d at 624. Additionally, Garcia presents no evidence that Genesis's remedial conduct of untimely-paying Garcia proceeds and interests are of a short duration that she would not be able to obtain review before the issue becomes moot again or that a reasonable expectation exists that Genesis has refused, will refuse, or plans to refuse to timely pay proceeds to Garcia pursuant to the division orders, if her declaratory issues are not considered. *See Yarbrough*, 347 S.W.3d at 290. As such, this likewise renders Garcia's requests for declarations (a), (b), and (k) moot. We overrule Garcia's fifth issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Delivered and filed the
28th day of April, 2016.

12