William Dexter WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–91–003 CR.

Court of Appeals of Texas,
Beaumont.

July 8, 1992.

Discretionary Review Refused
Sept. 30, 1992.

Benjamin Armstrong, Jasper, for appellant.

Guy James Gray, Dist. Atty., Jasper, for State.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## ORDER

WALKER, Chief Justice.

Appellant was indicted on August 21, 1989 for the felony offense of Capital Murder. On March 12, 1990, pursuant to a plea bargain agreement, the indictment was orally amended reducing the charge to Murder. On the same day, appellant pleaded guilty to the Murder charge and received confinement for life in the Institutional Division of the Texas Department of Criminal Justice.

■ The record before us reflects that among the various papers signed by appellant on the day of the plea was an instrument entitled "WAIVER OF RIGHT OF APPEAL." This waiver is signed by both appellant and appellant's trial attorneys. The waiver consists of the following language:

COMES NOW the Defendant, in writing and in open Court, and joined by his Counsel, and after being duly sentenced in accordance with punishment assessed, states that he understands he has a right to appeal the conviction herein, and that if he is indigent and desires to appeal, Counsel will be appointed at no cost to him. That the punishment of the Court did not exceed the punishment he expected to receive in connection with the plea bargaining. The Defendant, now understanding all rights in his connection, waives and abandons his right of appeal in this cause.

On January 11, 1991, this Court issued an order granting appellant's pro se Motion For Out Of Time Appeal which had previously been filed with this Court on November 21, 1990. Appellant's motion does not dispute the fact that the trial court followed the punishment recommendation that was the result of the plea bargain between appellant and the State. Instead, appel-

lant's motion is based on the following complaint:

> Defendant was never advised of his right to appeal from the rulings on pre-trial issues raised by timely filed motions in the foregoing entitled and numbered cause and consolidated Cause No. 7677, and on the contrary, defendant was *advised by counsel that he could not appeal.* This advice was erroneous in that defendant did not waive his right to appeal the adverse rulings on his timely filed pre-trial motions. (emphasis his)

Upon our own motion, we find that our order of January 11, 1991 permitting appellant an out of time appeal was improvidently granted. There are several reasons for this finding. Initially, we find no evidence in the record before us to support appellant's assertion that he was given any advice by counsel regarding any appellate rights. Indeed, we find that the record reflects that appellant was fully admonished of his rights prior to his guilty plea in accordance with TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989 & Vernon Supp. 1992). With regard to whether or not appellant had any knowledge of his appellate rights, the record reflects that appellant was orally admonished by the trial court that if the punishment assessed by the trial court did not exceed the recommendation, "then it means that you cannot appeal the case unless I give permission." Appellant orally acknowledged that he understood this and all of the other admonishments.

Furthermore, the transcript contains the written plea admonishments signed by appellant, his attorney, the State and the trial court on March 12, 1990. Paragraph number four provides:

> 4. *Permission To Appeal:* If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give permission to you before you can prosecute an Appeal on any matter in the case except for matters raised by written motion filed prior to trial.

In signing this instrument, appellant swore that he understood all of the admonishments, that he was aware of the consequences of his plea, that he was mentally competent, and that his plea was freely and voluntarily entered. Significantly, appellant waived "all rights given to me by law, whether of form, substance or procedure." *See* TEX.CODE CRIM.PROC.ANN. art. 1.14 (Vernon Supp.1992). Article 1.14 provides that a criminal defendant may waive *any* rights secured him by law, with the exception of trial by jury for Capital Murder defendants. *See, Capistran v. State,* 759 S.W.2d 121 (Tex.Crim.App.1988) (opinion on rehearing).

Having found this appeal to have been improvidently granted, we do so not because we find that a specific term of the plea bargain was that appellant was to have executed the waiver. The State does not provide a reference to anywhere in the record where a waiver of appeal was part of the bargain. Certainly better practice would dictate that the State make sure the record reflects the specifics of the bargain, either orally or in writing, if they hope to later rely on the concept of "specific performance." In the instant case, for reasons not reflected in the brief plea proceedings contained in the statement of facts nor in any of the various papers contained in the transcript, appellant executed a complete waiver of his right to appeal following his sentencing by the trial court. We find that the waiver was "complete" because, contrary to appellant's allegation, he was indeed made aware of his right to appeal, albeit a limited one. Knowing this, he nevertheless executed a document waiving and abandoning said right to appeal.

■ "Waiver" may be defined as an intentional relinquishment or abandonment of a known right or privilege. *Robles v. State,* 577 S.W.2d 699 (Tex.Crim.App.1979). In fact, criminal defendants, including death penalty defendants, do not have a due process right to appeal. *Rosales v. State,* 748 S.W.2d 451 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988). In the instant case, we find nothing in the record to support appellant's contention that he was never advised of his right to appeal the ad-

verse pretrial rulings, or his contention that he was erroneously advised by his trial counsel that he could not appeal. To the contrary, everything in the record points to a knowing, intelligent, and free waiver of all appellate rights, including those involving adverse pretrial rulings preserved by pretrial motions.

Having found that our order of January 11, 1991 providing appellant with an out of time appeal was improvidently granted, it is ORDERED, ADJUDGED, AND DE-CREED that the instant appeal, NO. 09–91–00003–CR, be dismissed.

APPEAL DISMISSED.