William Dexter WHITE, Appellant,

v.

Aubrey E. COLE and Mo Johnson, Appellees.

No. 09–93–096 CV.

Court of Appeals of Texas, Beaumont.

July 14, 1994.

Rehearing Overruled Oct. 6, 1994.

William Dexter White, pro se.

David E. Bernsen, Bernsen, Jamail & Goodson, Beaumont, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

Appellant in the trial court brought an action against appellees alleging false arrest, illegal search, malicious prosecution, making malicious false statements, and malicious false imprisonment. The original complaint was filed against appellee, Aubrey E. Cole (Sheriff of Jasper County), on March 17, 1992. This petition alleged malicious and reckless intent to deprive appellant of the right to be free from illegal arrest and search, malicious prosecution, malicious false imprisonment, and the making of malicious false statements. Appellant's complaint was amended April 1, 1992, to include an action against Jasper County Jailer, Mo Johnson, alleging that Johnson maliciously and intentionally placed appellant in solitary confinement for seven months in violation of appellant's constitutional rights.

Appellees moved for summary judgment October 3, 1992, on the basis that the applicable statutes of limitation had expired, therefore time barring the actions by appellant against the respective appellees. Appellant brings four points of error. We will affirm.

On June 27, 1989, appellant, William Dexter White, was arrested and confined in the Hardin County, Texas, Jail. The appellant was transferred to the Jasper County Jail in Jasper, Texas, where he remained until he was transferred to the Texas Department of Criminal Justice, Institutional Division. Appellant is currently confined therein for his conviction of the murder of one Susan Allen, after having plead guilty to the charge of murder. *White v. State,* 833 S.W.2d 339 (Tex.App.—Beaumont 1992, pet. ref'd), *cert. denied,* — U.S. —, 113 S.Ct. 1327, 122 L.Ed.2d 712 (1993). He is serving a life sentence.

As noted above appellant initiated suit against appellee, Aubrey E. Cole, on March 17, 1992, based on statements allegedly made by appellee, Cole, in procuring a search warrant and a warrant of arrest for the appellant. The alleged statements were made on or before June 26, 1989.

Appellees moved for summary judgment on October 3, 1992, by unsworn motion without affidavits or supporting evidence. The appellant filed an unsworn opposition to the motion for summary judgment on October 22, 1992, also without affidavits or supporting evidence. Appellees' motion for summary judgment was granted on February 16, 1993, and after motions to sever were filed and granted, final judgment was rendered for the appellees on their motions on March 17, 1993. Notice of appeal was properly filed bringing the case before this Court.

■ In appellant's original petition it is asserted that appellant could not have discovered his cause of action until arrival at the Texas Department of Criminal Justice on or about March 25, 1990, because he could not discover that he had a cause of action for acts committed by the appellee, Cole. Appellant on April 6, 1992, filed "Amendment to Original Complaint" which we construe to be a supplemental original petition in liberally construing pro se pleadings. *See Spellmon v. Sweeney,* 819 S.W.2d 206 (Tex.App.—Waco 1991, no writ). Even though under such circumstances pleadings are to be liberally construed, nevertheless pro se litigants are held to the same standards as licensed attorneys. *Brown v. Texas Employment Com'n,* 801 S.W.2d 5 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

■ Appellees allege in their motion for summary judgment that the relevant limitation period is two years for an action brought pursuant to 42 U.S.C. § 1983 (1981) as is this case. *Henson–El v. Rogers,* 923 F.2d 51 (5th Cir.), *cert. denied,* 501 U.S. 1235, 111 S.Ct. 2863, 115 L.Ed.2d 1030 (1991). This would apply to actions against appellees, Cole and Johnson, whereas an action for malicious prosecution, libel, or slander against appellee, Cole, must be brought within one year from the date the cause of action accrues. Tex.Civ.Prac. & Rem.Code § 16.002 (Vernon 1986). Appellees negatived the appellant's assertion that he could not discover his cause

of action until gaining access to a law library because the discovery rule applies to the knowledge of facts on the part of the appellant as opposed to a knowledge of the law. *Murry v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex.1990).

Appellant, in his opposition to' appellees' motion for summary judgment, substantiates all the pertinent dates and causes of action but maintains the operation of the discovery rule to save his causes of action from being time barred.

Appellant also asserted in his answer to the motion that the statutes of limitation were tolled because he had no access to a law library. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This ground was abandoned by appellant ·on appeal and was not urged as a ground for reversal. We, therefore, decline to address this issue. *San Jacinto River Authority v. Duke*, 783 S.W.2d 209 (Tex.1990).

■ Appellant in his first point of error alleges the trial court erred in granting appellees' motion for summary judgment based on statutes of limitation. *See Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex. 1970). The various causes of action brought by appellant are pursuant to 42 U.S.C. § 1983 (1981). There is no Federal Statute of Limitation for a § 1983 civil rights action, hence Texas Statutes of Limitation are utilized. *Jackson v. Johnson*, 950 F.2d 263 (5th Cir.1992). If such statutes are tolled, then effect must be given to the particular state's tolling provisions.

■ Under Texas Law, imprisonment is no longer a disability which tolls the statutes of limitation; accordingly, a prisoner's § 1983 civil rights action begins to run when the cause of action accrues. The federal law governs when the cause of action arises. *Burrell v. Newsome*, 883 F.2d 416 (5th Cir. 1989). A cause of action arises when the plaintiff knows or has reason to know of the injury which is the basis for his cause of action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir.1980).

■ The causes of action asserted against appellee, Cole, are based on statements allegedly made by Cole in procuring a search warrant and effecting the arrest of the appellant. According to appellant, these statements were made on or before June 26, 1989, therefore we find June 26, 1989, to be the date that any cause of action asserted by appellant against Cole accrued. Appellant also asserted causes of action against appellee, Cole, alleging malicious false statements and malicious prosecution which actions must be brought within one year from June 26, 1989. Tex.Civ.Prac. & Rem.Code § 16.002 (Vernon 1986). These actions were not filed until March 17, 1992, therefore, same are time barred.

■ The remaining cause of action asserted against appellee, Cole, by appellant, White, were malicious and reckless intent to deprive appellant of the right to be free from illegal arrest and search and malicious false imprisonment. These actions are governed by the two year statute of limitation in which to file any action thereon and are also time barred. Tex.Civ.Prac. & Rem.Code § 16.003 (Vernon 1986).

■ Appellant alleges that appellee, Mo Johnson, illegally confined appellant in solitary confinement for over seven months following June 27, 1989, but no later than March 25, 1990. The action against appellee Johnson for maliciously placing appellant in solitary confinement would be governed by the same two year limitation statute. The latest date appellant could have been so confined was March 25, 1990, using the dates asserted by appellant. Appellant filed his action against Johnson April 6, 1992, therefore it was time barred.

■ Appellant contends that he was entitled to a tolling of the statute of limitations because of a disability in that other legal proceedings were pending. Appellant cites *Jackson*, 950 F.2d 263 to support his claim. The time period asserted by appellant concerns his having filed an out-of-time appeal on November 21, 1990, which was dismissed on July 8, 1992, as having been improvidently granted. *White*, 833 S.W.2d 339. Appellant was not prevented at any time from pursuing his § 1983 cause of action because of his out-of-time appeal for his conviction of murder. Appellant is not entitled to a disability be-

cause appellant's appeal of his conviction did not relate to the pendency, nor did it prevent any legal proceedings contemplated by *Jackson*.

■■■■ Appellant argues in his first point of error "the trial court erred in granting the appellees' motion for summary judgment based on statute of limitation". Appellant argues that the discovery rule governs this case and that appellees did not negate this defense to the statute of limitations. Pleadings, even if verified, do not constitute competent summary judgment evidence as a general rule. *See Meyer v. Kupatt*, 549 S.W.2d 263 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Even a response to a motion for summary judgment is not competent summary judgment evidence. *Cuellar v. City of San Antonio*, 821 S.W.2d 250 (Tex. App.—San Antonio 1991, writ denied). Actually, neither a motion for summary judgment nor response thereto constitutes summary judgment evidence. *Musgrave v. Lopez*, 861 S.W.2d 262 (Tex.App.—Corpus Christi 1993, n.w.h.).

■■■■ Although the pleadings may not generally be considered as summary judgment evidence, they may form the basis for a summary judgment for a defendant when the plaintiff has filed his case outside the applicable statute of limitations. *Cronen v. City of Pasadena*, 835 S.W.2d 206 (Tex.App.—Houston [1st Dist.] 1992, no writ). When a defendant moves for summary judgment on the basis of limitations, he assumes the burden of showing as a matter of law that the suit was actually barred by the applicable statute of limitations. *Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983). If the discovery rule is raised by the plaintiff in his pleadings even though not in response to defendant's motion for summary judgment, the defendant has the burden of negating said discovery rule. *Marchal v. Webb*, 859 S.W.2d 408 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Assertions of fact in live pleadings are formal judicial admissions and summary judgment may be rendered on the pleadings when they contain judicial admissions. *Manahan v. Meyer*, 862 S.W.2d 130 (Tex.App.—Houston [1st Dist.] 1993, writ denied). In the case before us, appellant has supplied all dates

necessary to sustain the defensive plea of statute of limitations as to each appellee. If as in the case before us, the movant for summary judgment establishes that the actions were barred by statutes of limitation, then the burden shifts to the appellee to produce summary judgment evidence raising a fact issue to avoid the limitations defense. *American Petrofina, Inc. v. Allen*, 1994 WL 27035 (1994); *Newman v. Broadus*, 847 S.W.2d 249 (Tex.App.—Corpus Christi 1992, no writ). Non-movant's response to motion for summary judgment must present fact issues by means of proper summary judgment evidence whether through depositions, admissions, or affidavits. *Baker v. John Peter Smith Hosp., Inc.*, 803 S.W.2d 454 (Tex. App.—Fort Worth 1991, writ denied). We find that the appellees and each of them have shown as a matter of law, the actions asserted by the appellant are barred by limitations. We further find that sufficient facts came into existence and were known to the appellant to make him aware of the pertinent time limits to seek judicial remedies. *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977); *Rose v. Baker & Botts*, 816 S.W.2d 805 (Tex.App.—Houston [1st Dist.] 1991, writ denied). We overrule appellant's point of error one.

■■■ Appellant alleges in his ground of error two that "the court abused its discretion by not ruling on appellant's motions." Appellant also brings ground of error three, "[a]ppellant was denied due process in violation of the 14th Amendment of the U.S. Constitution." Point of error three is similar in all respects to point of error two. Appellant filed a motion requesting production of certain documents but appellees did not comply with that discovery request so appellant filed a motion to impose sanctions on the appellees. The record is silent regarding any action taken by the trial court. The record is likewise silent regarding any request by appellant for a hearing on either motion. The failure of appellant to obtain a pre-trial ruling on any discovery dispute existing before commencement of summary judgment proceedings constitutes a waiver of any claim for sanctions based on objectionable conduct. *Remington Arms Co., Inc. v.*

*Caldwell,* 850 S.W.2d 167 (Tex.1993). We find, therefore, that appellant waived his right to a hearing on the motion for production as well as the motion for sanctions. We overrule points of error two and three.

Appellant's ground of error four states, "Appellant was denied due process by being denied the chance to present summary judgment evidence." Appellant alleges error on the part of the trial court based on the essential facts outlined in points of error two and three, but in this point of error, urges that he was deprived of summary judgment evidence in the form of documents and records. We reiterate that this ground was waived by failing to request a hearing on the motions in question and, in addition thereto, appellant made no effort to forestall the rendition of summary judgment by requesting a continuance or otherwise. TEX.R.CIV.P. 166a(g). We therefore overrule point of error four.

Accordingly, in overruling all of appellant's points of error, we affirm the trial court granting summary judgment in favor of appellee, Aubrey E. Cole, and appellee, Mo Johnson.

JUDGMENT AFFIRMED.