ON APPELLEE’S MOTION TO EXTEND TIME TO FILE BRIEF AND REQUIRE APPELLANT TO REBRIEF

PER CURIAM.
Pending before the Court is the motion of appellees Marella Taylor and Marilyn McDaniel, as guardians for the person and estate of Anna Pearl Caldwell asking for an extension of time to file their appellees’ brief. Also requested is an order directing appellant, Dennis Caldwell, to rebrief. The appellate file contains an untitled document filed by Mr. Caldwell, pro se, explaining “his objections to the payment of attorney’s fees.” He apparently intends the document to be his “Appellant’s Brief’ since it contains a request for oral argument and a prayer. Yet, absent are a list of interested parties, index, table of authorities, points of error, legal citation and argument supporting same, and most other matter required by Rule 74 of the Texas Rules of Appellate Procedure.
Ofttimes, courts have found themselves extending pro se litigants greater latitude than that extended to licensed attorneys. See, e.g. White v. Cole, 880 S.W.2d 292, 294 (Tex.App.—Beaumont 1994, writ denied) (noting the liberal construction granted pro se pleadings). The most likely reason for doing so is their possible unfamiliarify with the rules. Yet, leeway is not exemption. Just as pro se status does not relieve the litigant from following statutory law, it does not immunize him from comporting with procedural rule. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex.1978) (holding that litigants who represent themselves must comply with the applicable procedural rules); see Centennial Ins. Co. v. Commercial Union Ins. Cos., 803 S.W.2d 479, 482 (Tex.App.—Houston [14th Dist.] 1991, no writ) (noting the rules have the dignity of statute). The latter are readily accessible. Moreover, their observance, at the very least, helps to clarify the issues involved, expedite resolution of the dispute, and assure accurate decision making and fairness. Tex.R.Civ.P. 1.
Yet, Mr. Caldwell’s actions vis-a-vis his “brief’ fall short of the procedural requisites itemized in Rule 74 of the Texas Rules of Appellate Procedure. Given this, we grant the pending motion. Caldwell is ordered to file, with Ms. Peggy Culp, Clerk of the Court of Appeals, Seventh District of Texas, a brief complying with Rule 74 of the Texas Rules of Appellate Procedure by 5:00 p.m., September 29, 1995. His failure to do so will result in our use of the remedies provided for under Rule 74(l)(1). See Inpetco, Inc. v. Texas Am. Bank/Houston, 729 S.W.2d 300 (Tex.1987) (holding that dismissal of the appeal is improper until opportunity to rebrief is afforded the appellant). Furthermore, the appellees are ordered to file their responsive “appellees’ brief’ within twenty- *11 five days of the date Caldwell files his brief. Tex.R.App.P. 74(m).
It is so ordered.