Affirmed in Part, Reversed and Remanded in Part, and Majority
and Concurring Opinions filed March 3, 2005.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00344-CV

____________

 

PAUL MINIX, Appellant

 

V.

 

PAUL GONZALES,
CURTIS PITTS, AND LAYLA WUTTKE, Appellees

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 26,901

 



 

C O N C U R R I N G   O P I N I O N

The court’s judgment in this case is
correct, and most of its opinion is correct, but the court, in dicta, departs
from precedent in the parts of the majority opinion that state a pro se inmate
should be treated more favorably in civil litigation than those who are not pro
se inmates:

A pro se inmate’s petition should
be viewed with liberality and patience and is not held to the stringent
standards applied to pleadings drafted by attorneys . . . Construing Minix’s
petition with liberality and patience . . . .

Maj. Op. at 3–4. 








First, the quoted statements by the
majority are obiter dicta because they are not necessary to the court’s
disposition of this appeal.  See
Edwards v. Kaye, 9 S.W.3d 310, 314 (Tex. App.—Houston [14th Dist.] 1999,
pet. denied).  These statements are not
essential because, notwithstanding the majority’s reference to the “stringent
standards applied to pleadings drafted by attorneys,” courts construe any petition
liberally and in favor of the drafter, if no special exceptions have been
sustained as to that petition.  See
Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000).  Because the trial court did not sustain any
special exceptions against Minix’s petition, this court must construe this
petition liberally regardless of whether Minix is an inmate and regardless of
whether he is represented by counsel or acting pro se.  See id.  Construing Minix’s petition liberally in his
favor, there is an arguable basis in law as to his Theft Liability Act claims
against Pitts and Wuttke in their individual capacities.  See id., 34 S.W.3d at 897; Harrison
v. Tex. Dep’t of Crim. J.—Inst’l Div., 915 S.W.2d 882, 888 (Tex.
App.—Houston [1st Dist.] 1995, no writ) (holding that sovereign immunity did
not justify dismissal of claims against state officials in their individual
capacities).  Accordingly, this court
correctly reverses the trial court’s judgment in this regard.  








Second and more importantly, in addition
to being dicta, the above-quoted statements by the majority are contrary to
prior precedents from the Texas Supreme Court and from this court.  See Mansfield State Bank v. Cohn, 573
S.W.2d 181, 185 (Tex. 1978) (holding that litigants who represent themselves
must comply with procedures established by rules notwithstanding the fact that
they are not licensed attorneys); Gaffney v. Tex. Dep’t of Crim. J.—Inst’l
Div., 2004 WL 1898488, at *3 n.7 (Tex. App.—Houston [14th Dist.] Aug. 26, 2004,
no pet.) (holding that pro se inmate had to comply with the normal rules for
preserving charge error and stating that he would be held to the same standards
as licensed attorneys and must comply with all applicable procedural rules)
(mem. op.); see also Green v. Kaposta, __ S.W.3d __, __, 2005 WL 56976,
at *1 (Tex. App.—Dallas Jan. 12, 2005, no pet. h.) (stating pro se inmate in
civil litigation must comply with same laws and applicable procedures as a
licensed attorney); White v. Cole, 880 S.W.2d 292, 294 (Tex.
App.—Beaumont 1994, writ denied) (same as Green).

Furthermore, the line of cases cited by
the majority are not part of the jurisprudence of this court or the Texas
Supreme Court and are based on cases applying Federal Rule of Civil Procedure
12(b)(6).  See Hughes v. Rowe, 449
U.S. 5, 9–10 n.7, 101 S. Ct. 173, 176 n.7, 66 L. Ed.2d 163 (1980) (citing Haines
v. Kerner and stating that, when deciding whether a complaint states a
claim upon which relief can be granted under Federal Rule of Civil Procedure
12(b)(6), federal courts review pleadings drafted by pro se litigants under
standards that are less stringent than those applied to pleadings drafted by
lawyers) (per curiam); Haines v. Kerner, 404 U.S. 519, 520–21, 92 S. Ct.
594, 596, 30 L. Ed.2d 652 (1972) (stating that, under federal rule of civil
procedure 12(b)(6), federal courts review pleadings drafted by pro se litigants
under standards that are less stringent than those applied to pleadings drafted
by lawyers) (per curiam); Aguilar v. State, 68 S.W.3d 1, 1–2 (Tex.
App.—Houston [1st Dist.] 1997, no pet.) (stating, in a mandamus proceeding
filed by an inmate, that the United States Supreme Court directs the court to
seek the substance of a pro se complaint by reviewing it with liberality and patience
and citing Haines v. Kerner).  In
Texas civil procedure, there is no analogue to Federal Rule of Civil Procedure
12(b)(6).  Fort Bend County v. Wilson,
825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ).  Accordingly, United States Supreme Court
cases regarding the standards for reviewing pleadings under Federal Rule
12(b)(6) are neither applicable nor binding on this court. 








According to the federal line of cases
cited by the majority, courts should treat pro se litigants more favorably than
parties represented by lawyers regarding the standards applied to their
pleadings.  See, e.g., Haines,
404 U.S. at 520–21, 92 S. Ct. at 596. 
These federal cases base this conclusion on a stated need to review pro
se pleadings with liberality and patience. 
See id.  Judges should be
patient with all litigants and lawyers that appear before them.  See Tex.
Code Judicial Conduct Canon 3 (B)(4) (stating “[a] judge shall be patient,
dignified and courteous to litigants, jurors, witnesses, lawyers and others
with whom the judge deals in an official capacity . . . .”).  This patience should be shown to all
litigants, whether represented by counsel or not, and it does not weigh in favor
of treating inmates or pro se litigants more favorably.  Likewise, though courts may be as liberal to
litigants as possible while still being faithful to the law, this liberality
does not weigh in favor of treating pro se litigants more favorably.  Indeed, the Texas Supreme Court has stated
that pro se and represented litigants should be judged by the same standards:

[N]o basis exists for
differentiating between litigants represented by counsel and litigants not
represented by counsel in determining whether rules of procedure must be
followed. . . .  There cannot be two sets
of procedural rules, one for litigants with counsel and the other for litigants
representing themselves.  Litigants who
represent themselves must comply with the applicable procedural rules, or else
they would be given an unfair advantage over litigants represented by counsel.

 

Mansfield State Bank, 573 S.W.2d at 184–85. 

For the reasons stated, the majority’s statements in dicta are contrary
to Texas law.  See Mansfield State
Bank, 573 S.W.2d at 185; Gaffney, 2004 WL 1898488, at *3 n.7; Green,
__ S.W.3d at __, 2005 WL 56976, at *1; White, 880 S.W.2d at 294.  For this reason, I respectfully decline to
join that portion of the majority opinion, though I concur in the court’s
judgment. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Majority and Concurring Opinions filed March 3, 2005.

 

Panel consists
of Chief Justice Hedges and Justices Hudson and Frost.  (Hedges, C.J., majority.)