# NO. 12-09-00288-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROY E. ADDICKS, JR.,* *APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | | |
| *JOHN A. RUPERT, ELIZABETH MILLER, DONNA FLETCHER, SHARON K. DIFFERENT, ANGELA I. DUGGER AND PAMELA M. KIRKATRICK,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Roy E. Addicks, Jr., appeals from the trial court's dismissal of his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. He raises seven issues on appeal. We affirm.

### BACKGROUND

Addicks, an inmate in the Texas Department of Criminal Justice-Institutional Division (TDCJ), filed suit in December 2009, claiming that John Rupert and other employees of the prison system stole or lost a book that he had attempted to mail to a friend. He subsequently amended the suit to allege that other prison officials improperly deducted funds from his inmate trust account and that officials engaged in a conspiracy to confiscate his legal, religious, and personal property. The trial court dismissed the suit as frivolous or malicious. Addicks appealed.

### THE TRIAL COURT'S DISMISSAL OF ADDICKS'S LAWSUIT

In his first issue, Addicks argues that the trial court abused its discretion in dismissing his suit as frivolous or malicious.

## Standard of Review

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate, (2) the government bears the cost of an *in forma pauperis* suit, (3) sanctions are not effective, and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

## Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code controls most lawsuits brought by inmates who have filed an affidavit or unsworn declaration of inability to pay costs.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Hickson*, 926 S.W.2d at 398. Chapter 14 imposes several procedural requirements that an inmate must comply with to bring a lawsuit without paying filing fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002). Failure to meet the procedural requirements will result in the dismissal of an inmate's suit. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.–Waco 2008, no pet.) (citing *Bell v. Texas Dep't of Crim. Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied)).

One such procedural requirement is that the inmate must properly exhaust his administrative remedies by completing the internal TDCJ grievance process before filing a lawsuit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (Vernon 2002); *Leachman v. Dretke*,

---

[1] Chapter 14 does not apply to an action brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

261 S.W.3d 297, 308-10 (Tex. App.–Fort Worth 2008, no pet.) (op. on reh'g) (describing grievance process). Section 14.005, entitled "Grievance System Decision; Exhaustion of Administrative Remedies," provides as follows:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
> (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
>
> (2) a copy of the written decision from the grievance system.
>
> (b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

*Id.* § 14.005(a), (b). These requirements serve two purposes. First, an inmate's compliance with this measure will demonstrate that he has exhausted his administrative remedies, and second, the information provided by the inmate will enable the court to determine whether the inmate has filed his claim within the requisite time period. *See Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009); *Hill v. Reilly*, No. 08-09-00208-CV, 2010 Tex. App. LEXIS, at \*5–6 (Tex. App.–El Paso Aug. 31, 2010, pet. denied). An inmate's failure to provide the required information subjects his suit to dismissal. *Hill*, 2010 Tex. App. LEXIS, at \*6.

Another procedural requirement is that an inmate who files an affidavit or unsworn declaration of inability to pay costs must file a separate affidavit or declaration setting out the following information:

> (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and
>
> (2) describing each suit that was previously brought by:
>
> (A) stating the operative facts for which relief was sought;
>
> (B) listing the case name, cause number, and the court in which the suit was brought;
>
> (C) identifying each party named in the suit; and

3

> (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a).

Substantial compliance with the affidavit of previous filings requirement has been held to be sufficient. ***Gowan v. Tex. Dep't of Crim. Justice***, 99 S.W.3d 319, 322 (Tex. App.–Texarkana 2003, no pet.) (affidavit of previous suits requirement met when only missing information was cause number). However, the inmate must always include a sufficient description of the operative facts of prior suits, because that description is necessary for a trial court to make an evaluation as to whether the present suit is substantially similar to a prior suit. *See **Bell***, 962 S.W.2d at 158. The inmate's failure to sufficiently describe the operative facts of his prior suits entitles the trial court to presume that the instant suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *See **id.*** Accordingly, a trial court may dismiss an indigent inmate's suit as frivolous or malicious when an inmate fails to comply with the statutory requirements of Section 14.004. *See **id.***

**Discussion**

Addicks filed two unsworn declarations in an attempt to comply with the statutory exhaustion of remedies requirement of Section 14.05. In the declarations, Addicks identifies at least three step one grievances that he filed with TDCJ. However, he does not identify the date on which the step one grievance was filed for the "book claim." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1). He does allege the filing dates of several other step one grievances, but it is unclear that those grievances are related to the claims in his lawsuit.[2]

Addicks attached to his pleadings several of his step two grievance forms. Step two grievances can be initiated after a step one grievance has been heard, but the forms submitted by Addicks do not show when the step one grievances were filed. Because he did not attach his step one grievance forms to his pleadings and does not otherwise assert when he filed the relevant

---

[2] Addicks identifies five grievance processes he has initiated. He identifies one as the "book claim" but does not allege or show when it was filed. The other grievances are not identified as relating to the claims in the present lawsuit. Of the remaining unidentified grievances, one would be untimely to bring as a lawsuit because Addicks received a final determination more than thirty-one days prior to the filing of the lawsuit, one would have been timely but was unidentified as to subject matter, and in two cases, Addicks received a final determination from TDCJ after initiation of the lawsuit.

step one grievances, the trial court could not discern when he had filed his step one grievances that related to the claims raised in this lawsuit.

At least one of the step two grievances was returned with a response in August 2008. This would mean that Addicks's lawsuit, filed in December 2008, would not be timely. *See* TEX. CIV. PRAC. & REM. CODE ANN 14.005(b) (lawsuit must be filed before the thirty-first day after the date the inmate receives the written decision from the grievance system). One step two grievance was returned in November 2008. Therefore, the filing of the lawsuit in December 2008 would be timely. But because of the way Addicks has selectively provided information and unsworn declarations, the trial court could not determine when that grievance was initially filed and what subject matter it addressed. As such, it was not possible for the trial court to conclude that Addicks had exhausted his administrative remedies or that this lawsuit was filed within thirty–one days of receipt of a final administrative determination. Accordingly, the trial court did not abuse its discretion by dismissing the suit. *See **Hamilton v. Williams***, 298 S.W.3d 334, 340 (Tex. App.–Fort Worth 2009, pet. denied) (holding appellate court may affirm dismissal for failure to exhaust administrative remedies even if that ground was not basis of trial court's dismissal in inmate suit subject to Chapter 14).

Alternatively, the trial court could have also found that the suit was frivolous because Addicks failed to adequately disclose the operative facts of all suits listed in his affidavit under Section 14.004. Addicks filed an unsworn declaration identifying nineteen past suits. He provided detailed statements of the operative facts for some of the suits listed in his affidavit and vague statements of the operative facts for others. When, as here, the declaration fails to identify the operative facts of an inmate's previous litigation, the trial court is entitled to presume that the claims are substantially similar to the claims in the present suit, and therefore, frivolous. *See **Bell***, 962 S.W.2d at 158. This is especially so with respect to a lawsuit that Addicks identifies as pending at the time this lawsuit was filed. Several of the defendants in each lawsuit are the same,[3] and Addicks describes the pending lawsuit as a "false retaliatory disciplinary case." It is difficult to discern what kind of lawsuit is being described, but the trial court did not err if it presumed that the claims were substantially similar to the claims in the present suit.

We overrule Addicks's first issue.

---

[3] The defendants in the pending lawsuit were not the same people sued in this suit as it was originally filed. However, Addicks filed additional claims in this lawsuit and some of the defendants from the pending lawsuit were added as defendants in this case.

5

## THE TRIAL COURT'S DENIAL OF A HEARING

In his second issue, Addicks asserts that the trial court abused its discretion in dismissing his suit without first holding a hearing.

It is settled that a trial court is not required to conduct a hearing before dismissing a suit as frivolous under Section 14.003. *Nabelek v. Dist. Atty. of Harris County*, 290 S.W.3d 222, 232 (Tex. App.–Houston [14th Dist.] 2005, pet. denied). Likewise, a hearing is not required when the inmate has failed to exhaust his administrative remedies. *McCray v. Scott*, No. 09-01-366-CV, 2002 Tex. App. LEXIS 3271, at *1 (Tex. App.–Beaumont May 9, 2002, no pet.) (per curiam) (mem. op., not designated for publication). In the instant case, we have held that Addicks failed to show that he exhausted his administrative remedies. Therefore, Appellant was not entitled to a hearing.

We overrule Appellant's second issue.

## DISCOVERY CONTROL PLAN AND CHANGE OF VENUE

In his third issue, Addicks contends the trial court erred when it did not rule on his motion for a specific discovery plan. In his fourth issue, Addicks contends that the trial court erred when it did not rule on his motion for change of venue. These issues are moot because we have held that Addicks's suit was properly dismissed. However, we agree with the Third Court of Appeals that the court implicitly denied Addicks's motions by dismissing the case without ruling on the motions. *See Conely v. Tex. Bd. of Crim. Justice*, No. 03-08-00293-CV, 2010 Tex. App. LEXIS 3011, at *6-7 (Tex. App.–Austin, Apr. 22, 2010, no pet.) (mem. op.). Addicks does not argue that the trial court's decisions were wrong, only that the trial court was required to rule on his motions and did not.

To the extent that Addicks's argument can be construed to be that the trial court was required by Rule 258, Texas Rules of Civil Procedure, to grant the motion for change of venue or to hold a hearing, this court has held that the trial court can deny a motion that does not comply with the prerequisites of Rule 257. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding). Rule 257 requires that a motion be supported by an affidavit of at least three credible persons. Addicks admits that his motion does not contain these affidavits and that he asked the trial court to relieve him of the requirement to supply affidavits.

The trial court was entitled to deny his request to be relieved of the requirements of Rule 257 and to overrule the motion because it did not meet those requirements.

The trial court implicitly overruled Addicks's motions for discovery and for change of venue. Addicks does not complain that the trial court's decision on his discovery motion was wrong. To the extent we consider his argument on the change of venue motion to be an attack on the merits of the trial court's decision, the court was entitled to overrule the motion because Addicks did not comply with Rule 257. We overrule Addicks's third and fourth issues.

## APPOINTMENT OF COUNSEL

In his fifth issue, Addicks argues that the trial court erred by denying his request for appointed pauper counsel.

A trial court may appoint counsel for a party who makes an affidavit that he is too poor to employ counsel. *See* TEX. GOV'T CODE ANN. § 24.016 (Vernon 2004). However, a trial court is not required to appoint counsel in every case. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). The Texas Supreme Court has held that under exceptional circumstances, "the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Id*. (quoting *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996)). Following this interpretation, appellate courts have held that a trial court does not abuse its discretion in refusing to appoint counsel when the indigent party fails to demonstrate that the public and private interests at stake are so exceptional that the administration of justice is well served by the appointment of pauper counsel. *See Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.–Beaumont 2001, no pet.); *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex. App.–Houston [1st Dist.] 1996, no pet.).

Addicks provides no basis for a finding that his case is one that, because of exceptional public and private interests, warrants the appointment of counsel. Instead, he merely asserts that it is difficult for him to bring this lawsuit and that he is not trained in the law. A cause of action does not qualify under this standard simply because the litigant is an inmate. *See Gibson*, 102 S.W.3d at 713. Accordingly, the trial court did not abuse its discretion in denying his motion to appoint counsel. We overrule Addicks's fifth issue.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his sixth issue, Addicks contends that the trial court erred in failing to issue findings of fact and conclusions of law at his request.

Addicks made a request for findings of fact and conclusions of law in a postdismissal motion. A trial court is required in certain circumstances to file written findings of fact and conclusions of law requested by a party. *See* TEX. R. CIV. P. 296, 297. However, this court has held that Rules 296 and 297 do not apply in an inmate suit that is dismissed for failure to comply with the Chapter 14 pleading requirements. *See Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.–Tyler 1992, no writ) (citing *Kendrick v. Lynaugh*, 804 S.W.2d 153 (Tex. App.–Houston [14th Dist.] 1990, no writ)); *see also Addicks v. Quarterman*, No. 12-09-00098-CV, 2011 Tex. App. LEXIS 1077, at *12 (Tex. App.–Tyler Feb. 16, 2011, no pet. h.) (mem. op.). In *Timmons*, we held that a trial court could not make findings of fact because the trial court had merely dismissed the case due to deficiencies in the pleadings and had not heard any evidence. *See Timmons*, 840 S.W.2d at 586.

As in *Timmons*, the trial court in this case did not hear any evidence and based its ruling on deficiencies in Addicks's pleadings. Therefore, it was not required to file findings of fact and conclusions of law. We overrule Addicks's sixth issue.

## CONSTRUCTION OF PRO SE PLEADINGS

In his seventh issue, Addicks argues that the trial court abused its discretion because it "failed to liberally construe [his] suit." Addicks asserts that, had the trial court construed his pleading liberally, the trial court would have concluded that the suit had merit and would not have dismissed it.

While Addicks understands that his lawsuit was dismissed pursuant to Chapter 14, he appears to have concluded that the trial court considered his claims and, finding them to be frivolous, dismissed them. However, dismissal for failure to show the date a grievance is filed or failure to show that this suit is not substantially similar to other lawsuits is not a consideration of the operative facts of the lawsuit. As we described in an earlier section, Addicks failed to include basic information with his lawsuit, including when he filed his first grievance on the relevant issues and the details of another lawsuit. While pro se pleadings and briefs are to be liberally construed, pro se litigants are held to the same standards as licensed attorneys and must comply with rules of procedure and applicable laws. *See Shull v. United Parcel Serv.*, 4 S.W.3d

8

46, 52-53 (Tex. App.–San Antonio 1999, pet. denied); *White v. Cole*, 880 S.W.2d 292, 294 (Tex. App.–Beaumont 1994, writ denied). To hold otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *See Shull*, 4 S.W.3d at 53. Addicks was required to comply with Chapter 14's requirements, which he failed to do. There is no meaningful way the trial court could construe Addicks's pleadings to contain required terms that it lacked, and the trial court acted within its discretion to dismiss Addicks's suit. We overrule Addicks's seventh issue.

## DISPOSITION

Having overruled Addicks's seven issues, we ***affirm*** the judgment of the trial court.

**BRIAN T. HOYLE**
Justice

Opinion delivered April 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

9