**Affirmed and Memorandum Opinion filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00669-CV

**EDDIE ROY TAYLOR, Appellant**

**V.**

**JANICE RENEE TAYLOR BRIDGES, Appellee**

**On Appeal from the County Court at Law No. 3
Montgomery County, Texas
Trial Court Cause No. 13-02-013326 CV**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the dismissal for want of prosecution of pro se appellant Eddie Roy Taylor's petition for divorce. Taylor contends the trial court erred in dismissing his case because: (1) the case was dismissed for failure to appear, but the trial court's notice of intent to dismiss was based on want of prosecution, and (2) the trial court never considered his motion to proceed by telephone conference before dismissing his case. We affirm.

**BACKGROUND**

Taylor filed his petition for divorce from appellee Janice Renee Taylor Bridges on February 4, 2013; he requested that citation be issued to Bridges on February 21.  On May 8, the trial court issued a notice of intent to dismiss, stating that court records indicated the case was eligible for dismissal for want of prosecution because it had been on file for more than 90 days without service of citation being perfected.  The court's notice advised Taylor that the court would consider retention of the case if a verified motion to retain was filed specifying the due diligence undertaken and showing good cause why the case should not be dismissed.  The notice specified that the motion to retain "must be filed seven (7) [days] prior to the hearing date" designated as June 28, 2013, at 1:30 p.m.

On May 31, Taylor filed a verified motion to retain,[1] asserting that the case was not appropriate for dismissal under the "90-day rule" because nothing indicated it was an uncontested divorce.  He further asserted that he had shown "diligence in prosecuting his divorce act" because he was "under the impression" that Bridges had been served but was mistaken.  He sought more time to serve Bridges if the court found that he had not served her because he did not "intentionally delay[] the process, and any delay would be due[] to a misunderstanding that the clerk had served the process or had the proper official . . . do so."  Taylor acknowledged in this motion that it was his responsibility to see that service was properly accomplished and properly reflected in the record.  That same day, Taylor filed a request to the clerk to issue citation on Bridges; he attached a copy of this letter to his motion to retain.  Taylor also filed a "Request for Paper Hearing or That Hearing Be Held by Telephone" referencing

---

[1] Taylor is an inmate incarcerated in the Texas Department of Criminal Justice.  He substantially complied with the unsworn declaration statute for inmates.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(e).

2

the June 28 hearing date specified in the trial court's notice of intent to dismiss as well as his motion to retain.

On June 28, the trial court held the scheduled dismissal hearing. At this hearing, the following transpired:

> THE COURT: Eddie Taylor and Janice Taylor Bridges. Is Mr. Taylor or Ms. Bridges present?
>
> (No response)
>
> THE COURT: No answer. The case will be dismissed.

That same day, the trial court signed an order of dismissal for want of prosecution. This order provides:

> BE IT REMEMBERED, on this date, after due notice required by law, came on to be heard the above styled and numbered cause on the Dismissal Docket, and neither party having appeared to show cause why such case should not be dismissed from the docket of this court; it is accordingly, ORDERED, ADJUDGED, and DECREED that this cause be and the same hereby is dismissed for Want of Prosecution.

Without filing a motion to reinstate or a motion for new trial, Taylor timely noticed his appeal from this dismissal order.

## ANALYSIS

In his first issue, Taylor asserts that the trial court erred by dismissing his case for "failure to appear" when its notice of intent to dismiss indicated that it would dismiss the case for "want of prosecution." Taylor urges that the dismissal of his suit on a different basis than that stated in the notice constitutes a violation of his due process rights. In his second issue, he urges that the trial court abused its discretion by refusing to consider his motion to appear via telephone for the dismissal hearing.

3

A trial court's authority to dismiss for want of prosecution arises from the express authority of Texas Rule of Civil Procedure 165a as well as the court's inherent power to manage its own docket. *Villareal v. San Antonio Truck & Equip. Co.*, 994 S.W.2d 628, 630 (Tex. 1999). A court may dismiss a case for want of prosecution when, as is relevant here, it finds that the case has not been prosecuted with due diligence. *See id.* The trial court must provide a party with notice and opportunity to be heard before the trial court may dismiss a case for want of prosecution. *Id.* A failure to provide adequate notice of the court's intent to dismiss for want of prosecution requires reversal. *Enriquez v Livingston*, 400 S.W.3d 610, 615 (Tex. App.—Austin 2013, pet. denied) (citing *Villareal*, 994 S.W.2d at 628.). Due process considerations are satisfied when "'notice is reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.'" *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). We may reverse a trial court's dismissal for want of prosecution only if the court clearly abused its discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam).

In his first issue, Taylor asserts the trial court abused its discretion and violated his due process rights by dismissing his case for failure to appear rather than for want of prosecution. First, we note that Taylor failed to raise his due process challenge in the trial court by filing a motion to reinstate or motion for new trial. But it is well-settled that even constitutional issues, such as due process claims, must be properly raised in the trial court or they are waived on appeal. *See Franklin v. City of Fort Worth*, No. 02-12-00456-CV, 2014 WL 3696092, at *1 (Tex. App.—Fort Worth July 24, 2014, no pet. h.) (mem. op.) ("[B]ecause Franklin

4

did not raise his due process complaint in the trial court, Franklin failed to preserve this complaint for appellate review."); *see also Nivens v. City of League City*, 245 S.W.3d 470, 475 n.6 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (taxpayers failed to preserve argument that trial court violated their due process rights by granting plea to the jurisdiction when they did not raise complaint in trial court).

Moreover, even if he had preserved his due process complaint for our review, as shown above, the notice of dismissal sent to Taylor informed him that his case was eligible for dismissal for want of prosecution because it had been "on file for more than 90 days without service of citation being perfected on any respondent." The notice further provided Taylor with an opportunity to be heard before dismissal by filing a verified motion to retain within seven days before the dismissal hearing. In turn, the dismissal order clearly states that Taylor's case was dismissed for want of prosecution. The notice provided Taylor the reason for dismissal and an opportunity to respond; thus, his due process rights were not violated.[2] *See Enriquez*, 400 S.W.3d at 615–16; *cf. Perlata*, 485 U.S. at 86

---

[2] Importantly, although the dismissal order states that neither party "appeared to show cause why [this] case should not be dismissed," Taylor does not assert that the trial court erred in refusing to consider his motion to retain as an "appearance." Further, Taylor does not complain that the trial court abused its discretion in concluding that he failed to prosecute the action, nor does he challenge the trial court's implicit denial of his motion to retain. And, Taylor does not complain that he had inadequate time to respond to the threatened dismissal; he filed two responsive pleadings before the dismissal order was signed, as well as a request for service of citation on Bridges. *Cf. Enriquez*, 400 S.W.3d at 615–16 (noting that plaintiff filed three responsive pleadings before the dismissal order was signed). In sum, Taylor has failed to challenge the trial court's denial of his motion to retain and instead focuses his argument entirely on the asserted difference between the stated reason for dismissal in the motion to dismiss and the language of the dismissal order. Thus, whether the trial court erred in denying his motion to retain is not properly before us.

Finally, the record reflects that service of citation on Bridges was perfected on June 25, 2013, three days before the trial court's dismissal hearing. However, nothing indicates the trial court was made aware of this fact: As emphasized above, Taylor did not file a motion to reinstate or motion for new trial. Thus, he failed to notify the trial court that citation had been perfected. Because he did not raise this issue in the trial court or brief it on appeal, he has

(reversing on due process grounds because court "assume[d] that the judgment against him and the ensuing consequences occurred *without notice to appellant, notice at a meaningful time and in a meaningful manner that would have given him an opportunity to be heard*").

We conclude that Taylor failed to preserve his due process complaint for our review. Nonetheless, even had he preserved this issue for our review, no violation of his due process rights is shown on this record, nor did the trial court abuse its discretion in dismissing his case for want of prosecution. Under these circumstances, we overrule his first issue.

In his second issue, Taylor complains that the trial court abused its discretion by refusing to consider his motion to appear via telephone for the dismissal hearing. It is well-established that litigants cannot be denied access to the courts on the basis that they are inmates. *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). Our rules place the burden on litigants to identify with sufficient specificity the grounds for a ruling they seek; a litigant's status as an inmate does not alter that burden. *Id.*

Here, Taylor's request states in its entirety:

> This court has issued its **Notice of Intent to Dismiss**, and stated in such notice that a hearing will be held on **June 28, 2013 at 1:30 p.m.** The notice advised the plaintiff that the court will consider a verified motion to retain the case, if filed seven days prior to the hearing. The plaintiff is filing his **Motion to Retain** in a timely manner. If the court can not make a proper determination based on the motion itself (paper hearing), then the plaintiff requests the he be

---

waived any error on the basis that he perfected citation before dismissal. *See Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5–6 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (citing Tex. R. App. P. 33.1, 38.1 and concluding that even if the trial court failed to notify appellant of its intent to dismiss, appellant's failure to raise this issue in the trial court or on appeal waives the error).

allowed to attend via telephone (aka telephonic hearing) so that he may present his motion to the court in a oral manner.

Wherefore, the plaintiff prays that this court consider the proper procedures for the up coming hearing.

Taylor's motion included no information that indicated a necessity for his appearance by telephone and in fact indicated that the telephonic hearing was only necessary if the court could not make a proper determination based on the motion itself—i.e., a paper hearing. Under the Montgomery County local rules, a request for oral argument on a motion "shall be in writing and set forth the reasons for the necessity of such hearing." Montgomery Cnty. (Tex.) Cnty. Ct. Loc. R. 2.3(d). Pro se inmates are held to the same standards as licensed attorneys and must comply with applicable rules of procedure. *See, e.g.*, *Taylor v. Corr. Med. Servs., Inc.*, No. 01-11-00836-CV, 2013 WL 2246052, at *2 (Tex. App.—Houston [1st Dist.] May 21, 2013, no pet.) (mem. op.); *Anderson v. City of Port Arthur*, No. 14-09-00029-CV, 2010 WL 3636134, at *2 (Tex. App.—Houston [14th Dist.] Sept. 21, 2010, no pet.) (mem. op.); *White v. Cole*, 880 S.W.2d 292, 294 (Tex. App.—Beaumont 1994, writ denied). Taylor neither explicitly requested oral argument nor provided reasons for the necessity of such argument in his conditional request.

We conclude that Taylor has failed to show that the trial court abused its discretion. First, Taylor challenges the trial court's failure to consider his motion to appear by telephone. Taylor assumes that because the trial court did not grant his motion to appear that the trial court did not consider the motion. The record does not support this assumption. Taylor's motion asked the trial court to allow him to participate by telephone if the papers proved insufficient. As discussed above, the trial court called the dismissal hearing, for which Taylor received notice. After no one appeared in person to present oral argument, the trial court ordered the case dismissed for the stated reason: want of prosecution. Taylor

points to nothing in the record that suggests that the trial court did not, upon the papers in the file, (a) consider Taylor's motion to attend by telephone; (b) consider Taylor's motion to retain; (c) determine that it was able to resolve Taylor's motion to retain without the necessity of oral argument; (d) therefore deny Taylor's motion to appear by telephone to provide oral argument; (e) deny Taylor's motion to retain; and, finally (f) dismiss the case for want of prosecution.

Further, assuming the trial court did not consider the motion to appear by telephone conference, Taylor failed to follow the local rules in submitting his conditional request to participate by telephone. Not only did Taylor's motion fail to urge that oral argument was necessary and therefore a telephone hearing was necessary because Taylor is an inmate, it urged the opposite: appearance by telephone was requested only if the court determined it was unable to properly determine the motion without oral argument.

In summary, we cannot say that the trial court did not consider Taylor's motion to appear by telephone. We can say that upon the unique facts of this case, the trial court did not abuse its discretion in conducting the hearing without granting Taylor's motion to appear by telephone. We overrule Taylor's second issue.

## CONCLUSION

Having overruled each of Taylor's appellate issues, we affirm the trial court's dismissal order.


/s/        Sharon McCally
              Justice

Panel consists of Justices Christopher, Jamison, and McCally.

8